**STATE of Iowa, Plaintiff–Appellee,**

v.

**Robert Emil SWANSON,
Defendant–Appellant.**

**No. 88–1796.**

Court of Appeals of Iowa.

Dec. 21, 1989.

William L. Wegman, State Public Defender, B. John Burns, Asst. Public Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., Robert J. Glaser, Asst. Atty. Gen., for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

This appeal follows defendant's conviction on two counts of assault without intent to inflict serious injury but causing bodily injury, in violation of Iowa Code §§ 708.1, 708.2(2) (1987). In a prior proceeding, defendant was charged with two counts of assault with intent to inflict serious injury. The trial court submitted assault without intent to inflict serious injury, but causing bodily injury, to the jury as a lesser included offense. The jury found defendant guilty of the lesser included offense.

This court, on March 23, 1988, reversed defendant's conviction and remanded his case to the district court, on the ground the offense of assault causing bodily injury was not a proper lesser offense of assault with intent to inflict serious injury, because it did not meet the legal test for inclusion. *State v. Swanson*, 423 N.W.2d 560 (Iowa App.1988). After a jury trial, defendant was found guilty on both counts.

The writ of procedendo issued on June 6, 1988. Ninety-two days later, on September 6, 1988, the State filed a trial information charging defendant with the two counts of assault without intent to inflict serious injury but causing bodily injury, in violation of Iowa Code §§ 708.1, 708.2(2) (1989), the charges under which defendant was convicted. Defendant filed a motion to dismiss the trial information, contending he was denied a speedy trial and the charge should be dismissed pursuant to Iowa R.Crim.P. 27(2)(b), which provides:

> If a defendant indicted for a public offense has not waived his or her right to a speedy trial he or she must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

Defendant contends the date the procedendo issued was the date from which the ninety days should be measured. The trial court denied this motion. Defendant contends this was error. He raises no other issues on appeal.

Our review is to correct errors at law. We will affirm the trial court if any basis for doing so appears on the record. *See State v. Schrier*, 300 N.W.2d 305, 306 (Iowa 1981); *Dealers Warehouse Co. v. Wahl & Assocs.*, 216 N.W.2d 391, 394 (Iowa 1974).

■ Defendant contends his speedy trial time should have commenced when procedendo issued. Generally, speedy trial time under Iowa R.Crim.P. 27(2)(b) commences when the trial information is filed, because at that time the trial court has jurisdiction of the case. *See State v. Taggart*, 430 N.W. 423, 427 (Iowa 1988). However, when a case must be retried because of something that has happened in the trial or appellate court, then, in some cases, a different date must be used to determine when the ninety days provided for under Iowa R.Crim.P. 27(2)(b), or other speedy trial provisions, commence running. The Iowa court has addressed this issue in several circumstances. *See State v. Zaehringer*, 306 N.W.2d 792, 794 (Iowa 1981) (speedy trial is triggered by date procedendo issues when supreme court reversed and remanded cause for new trial); *State v. Lybarger*, 263 N.W.2d 545, 546 (Iowa 1978) (speedy trial limitation should be counted from date of order granting new trial); *State v. Wright*, 234 N.W.2d 99, 103 (Iowa 1975) (speedy trial time commenced when motion for mistrial was granted).

■ Defendant relies on this authority to support his proposition his speedy trial time should have commenced when procedendo issued. This reliance is misplaced. These cases involved situations in which action in the appellate or trial court did not terminate the case. Rather, the charge remained pending for further proceedings. In *State v. Swanson*, this court reversed. We did not remand. There was no retention of jurisdiction. When the procedendo issued, there was no further jurisdiction on the charge. Defendant, therefore, was not called to answer until the information was filed. It was only then that time under Iowa R.Crim.P. 27(2)(b) began to run.

We affirm the trial court.

AFFIRMED.