**STATE of Iowa, Appellee,**

v.

**Nova Eugene SEARCY, Appellant.**

No. 90–262.

Court of Appeals of Iowa.

April 2, 1991.

Joseph G. Bertogli, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., Mary E. Richards, County Atty. and Mark J. Cullen, Asst. County Atty., for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HABHAB, JJ.

HABHAB, Judge.

Nova Eugene Searcy was charged with operating while intoxicated (first offense) on October 2, 1989. On October 9, following arraignment, the court set Searcy's trial for November 11. However, on November 8, Searcy filed a motion to suppress the results of the breath test he had taken shortly after his arrest.

The court then, on November 13, set the hearing on Searcy's suppression motion for December 4 and continued Searcy's trial until December 14. But the December 4 suppression hearing date was, on the State's motion, first continued to January 3, 1990, and later to January 17, 1990.

On December 19, the State by motion asked for a hearing to determine whether the illness of the State's chief witness constituted good cause for extending the speedy trial deadline; in addition the state asked the court to set trial for December 28, 1989—within the speedy trial deadline—if it found that there was not good cause to

extend the deadline. Although the suppression hearing was fixed for January 17, Searcy's motion came on for hearing on December 26, and after that hearing, the judge suppressed the results of the breath test. The court also set trial for January 4, 1990.

The trial did not take place on that date and the defendant filed a motion to dismiss on January 5, 1990, claiming the State had violated his right to a speedy trial. The court denied this motion to dismiss, and trial was held on January 18. After a hearing, the court found Searcy guilty as charged.

Searcy contends the district court should have dismissed the charge on the ground the State denied his right to speedy trial. He notes that he was not tried within ninety days after the trial information was filed.

The State acknowledges that Searcy was not tried until 108 days after the trial information was filed. However, the State argues there was good cause for the delay. In this respect, the State asserts that the delay was attributable partly to Searcy's own suppression motion and partly to the illness of the State's principal witness (the arresting officer).

■ Appellate review of the trial court's determination of good cause is not de novo. The trial court's findings of fact upon conflicting evidence are binding upon us if they are supported by substantial evidence. *State v. Bond,* 340 N.W.2d 276, 279 (Iowa 1983).

Iowa Rule of Criminal Procedure 27(2)(b) provides:

> If a defendant indicted for a public offense has not waived his right to a speedy trial he must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

In applying this rule, the supreme court has held that if the State does not try the defendant within the prescribed ninety-day period, the court must dismiss the charge unless (1) the defendant has waived the right to a speedy trial, (2) the delay is attributable to the defendant, or (3) there is good cause for the delay. *State v. Mount,* 422 N.W.2d 497, 498 (Iowa 1988). In determining whether good cause has been shown, we focus solely on the reason for the delay; however, surrounding circumstances are relevant to the inquiry to the extent that a comparatively weak reason for delay may be sufficient to constitute good cause if the delay is relatively short and it does not prejudice the defendant. *State v. Bond,* 340 N.W.2d at 279.

■ In this case, it appears the delay was attributable to the defendant as well as to the continuation for good cause. As it relates to the delay attributable to the defendant, even though the court as early as October 9 fixed the trial date for November 11, it was not until November 8, three days prior to trial and almost thirty days after the date the order was entered fixing the trial date, that Searcy filed his suppression motion. With this limited time prior to trial to hear the suppression motion, the court had little, if any, choice but to continue the trial date. In this respect, the supreme court has held that a defendant must accept a delay which is reasonably necessary for action on his own motions; such a delay constitutes good cause for continuing the trial beyond the speedy trial deadline. *State v. Moehlis,* 250 N.W.2d 42, 46 (Iowa 1977).

In this case the delay was relatively short, only eighteen days after the speedy trial deadline expired. It is clear the defendant was partially responsible for the delay. He did not demand a speedy trial. He has not been prejudiced in any respect by this delay. Under these circumstances, we think there was good cause.

We believe there is one other factor that may be considered when determining good cause. Officer Harms was listed as a state witness. He was hospitalized for an emergency appendectomy shortly before December 19 and required a month to recuperate. The State moved for a continuance on this ground. The defendant did not resist. We believe this circumstance can be considered when determining the reason for delay.

Our supreme court has emphasized the singular importance of the reason for delay in testing good cause under criminal rule 27(2)(b). *State v. Petersen,* 288 N.W.2d 332, 335 (Iowa 1980) (Trial was to be held June 14. On June 8, the State moved for a continuance because a material expert witness was on vacation out of state. Trial was continued to July 12. The supreme court pointed out that this trial date was not fulfilled because of the absence of the witness. We believe the court considered this reason in testing good cause.).

AFFIRMED.