STATE of Iowa, Appellee,

v.

Mark D. OLSON, Appellant.

No. 93–1599.

Court of Appeals of Iowa.

Jan. 23, 1995.

Linda Del Gallo, State Appellate Defender, and Annette L. Hitchcock, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., Mary E. Richards, County Atty., and Molly Frazer, Asst. County Atty., for appellee.

Considered by DONIELSON, C.J., and HAYDEN and CADY, JJ.

CADY, Judge.

This case requires us to consider whether a delay of nearly eight months between the filing of a trial information and the defendant's arrest violated his statutory speedy trial rights. We conclude it did, and reverse.

On December 2, 1992, Mark Olson was charged in Story County by a trial information with the crime of driving under suspension. A preliminary complaint had been filed

against Olson earlier on October 7, 1992. An arrest warrant was also issued on October 7, 1992.

Although Olson was a resident of Story County, the arrest warrant was not served on him until July 24, 1993. Olson was on probation to the department of correctional services during the time period from the issuance of the arrest warrant to the arrest, and had maintained regular contact with his probation officer.

Following a formal arraignment on August 3, 1993, Olson moved to dismiss the trial information. He claimed the delay between the filing of the charge and the arrest violated his statutory speedy trial right. The trial court denied the motion. Olson subsequently waived his right to a trial by jury, and the case was tried to the court on the minutes of testimony. The district court found Olson guilty, entered judgment, and imposed sentence.

Olson appealed. The single issue on appeal is whether the trial court correctly refused to dismiss the trial information.

The trial court determined the delay between the filing of Olson's trial information and his arrest did not support dismissal under the speedy trial rule since Olson failed to establish the delay caused him prejudice in the presentation of his defense. Olson claims the State failed to meet its burden to show sufficient grounds to avoid dismissal under the speedy trial rule. The State responds that the speedy trial rule was not triggered until Olson was arrested since none of the evils the rule is designed to protect were present until the arrest.

 Our scope of review of speedy trial questions under Iowa Rule of Criminal Procedure 27(2)(b) is for corrections of errors at law. *State v. Finn,* 469 N.W.2d 692, 693 (Iowa 1991). We recognize the trial court's discretion to refuse to dismiss within the parameters of the recognized exceptions to the speedy trial mandate. *See State v. Todd,* 468 N.W.2d 462, 470 (Iowa 1991). Thus, we ultimately look to whether the trial court abused its discretion. *Id.*

 The right to a speedy trial is a fundamental and venerable fixture in criminal prosecutions. It is guaranteed by the Sixth Amendment of the United States Constitution, as well as Article I, section 10 of our Iowa Constitution, and is now solidified by our rules of criminal procedure. *See State v. Hamilton,* 309 N.W.2d 471, 475 (Iowa 1981) (purpose of statutory speedy trial rule was to implement the constitutional provisions requiring an expeditious trial). The right to a speedy trial under rule 27(2)(b) means an accused must be brought to trial within ninety days of indictment.[1] The rule applies with equal force to charges brought by trial information. *State v. Clark,* 351 N.W.2d 532, 534 (Iowa 1984).

 Courts are required to dismiss an indictment or information if the trial is not commenced within 90 days after filing unless the accused has waived the speedy trial right, the delay is attributable to the accused, or good cause exists for the delay. *Finn,* 469 N.W.2d at 694. The triggering event for the speedy trial time frame, under the plain language of the rule, is the filing of the indictment or information. *See State v. Swanson,* 452 N.W.2d 466, 468 (Iowa App.1989). Once the time expires, the burden rests with the State, in each instance, to establish an exception to the ninety day rule. *Todd,* 468 N.W.2d at 469.

 Our appellate courts have previously observed that the purpose of our speedy trial rule is to relieve an accused of the hardship of prolonged pretrial incarceration and to avoid the anxiety of awaiting a trial. *See State v. Allnutt,* 261 Iowa 897, 901, 156 N.W.2d 266, 268 (1968). In most cases, these two evils present little threat until the arrest occurs. In this case, Olson makes no claim of such prejudice. He was not subject to pretrial incarceration until July 24 1993, nor was any evidence produced to indicate he

---

1. Rule 27(2)(b) states "if a defendant indicted for a public offense has not waived his or her right to a speedy trial he or she must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause ot the contrary be shown."

was even aware of the trial information until his arrest.

■ The hardship of pretrial incarceration and the anxiety associated with a pending trial are not, however, the only harm suffered by a prolonged pretrial process. Another harm sought to be avoided by the speedy trial rule is the possible impairment of the accused's defense due to diminished memories and loss of exculpatory evidence. *Doggett v. United States*, — U.S. —, —, 112 S.Ct. 2686, 2692, 120 L.Ed.2d 520, 529–30 (1992). This form of prejudice is actually considered the most serious since the inability of an accused to adequately prepare his or her case "skews the fairness of the entire system." *Id.* (quoting *Barker v. Wingo*, 407 U.S. 514, 532, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101, 118 (1972)). Moreover, its presence does not hinge on the arrest. This type of prejudice may result even when, as in this case, the arrest follows the filing of the indictment or information. With this in mind, and considering the plain language of the rule, we conclude the ninety day time period under our rule is activated by the filing of the indictment or trial information even when the formal charges precede the arrest. Accordingly, dismissal was required in this case unless the trial court's refusal to dismiss was justified under one of the three exceptions.

No claim is made by the State that Olson waived his right to a speedy trial or that the delay was attributable to him. The pivotal question is whether good cause exists for the delay. The trial court responded to his inquiry by focusing entirely on Olson's failure to show actual prejudice in the presentation of his defense.

■ Prejudice resulting from the delay is one of the four factors used to determine whether the "good cause" exception to the speedy trial rule is met. *Todd*, 468 N.W.2d at 470. The other factors are the length of the delay, reason for the delay, and defendant's assertion of his or her right to a speedy trial. *Id.*

■ We have consistently held that the crucial factor in the "good cause" analysis is the reason for the delay. *State v. Searcy*, 470 N.W.2d 46, 48 (Iowa App.1991); *State v. Petersen*, 288 N.W.2d 332, 335 (Iowa 1988). The other factors are considered only when the reason for the delay is insufficient. *Petersen*, 288 N.W.2d at 335. Thus, a weak reason for the delay may become sufficient to avoid dismissal if the delay is relatively short and does not prejudice the defendant. *Id.*

■ We believe the trial court incorrectly applied the four factor test in two ways. First, it placed too much reliance on the apparent absence of prejudice. Secondly, it erred in requiring the defendant to show actual prejudice.

■ Affirmative proof of a particular type of prejudice is not required in every speedy trial claim. *Doggett*, — U.S. at — - —, 112 S.Ct. at 2692–93, 120 L.Ed.2d at 530–31. Prejudice which results from an impaired defense is the most difficult type of speedy trial prejudice to prove because the harm associated with the passage of time can scarcely be shown. *Id.* at —, 112 S.Ct. at 2693, 120 L.Ed.2d at 531. For that reason, it is recognized that extensive delay "presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Id.*

■ In the end, prejudice remains but one of several important factors to consider, and must not be viewed in isolation. *Id.* Its impact grows with the length of the delay involved in the case, and the reason for the delay. *Id.*

■ In this case, the reason for the delay dealt solely with the failure of the State to execute the arrest warrant. The circumstances surrounding the failure to execute the warrant are not favorable to the State in the analysis. Olson was on probation with the corrections department at all relevant times, and resided in Story County. He also maintained regular contact with his probation officer during this time.

The reason for the delay, by itself, falls far short of establishing "good cause." Moreover, the remaining factors do not enhance the analysis. The delay spanned nearly eight months, and Olson cannot be faulted for failing to assert his speedy trial right

during the delay since there was no evidence he was even aware of the pending charge. Finally, the delay was more than two and one-half times the speedy trial mandate, and the circumstances surrounding the delay in serving the warrant can only be attributed to the inaction of the State. Under the circumstances, a presumption of prejudice surfaced, and no evidence was offered to rebut the presumption or otherwise diminish its impact.

Considering all the factors and the evidence presented, we conclude the delay between the filing of the trial information and the arrest violated Olson's rights to a speedy trial under rule 27(2)(b). We reverse the trial court and remand for entry of an order dismissing the trial information.

**REVERSED AND REMANDED.**