**STATE of Iowa, Appellee,**

v.

**Kenneth D. ORTE, Appellant.**

No. 94–245.

Court of Appeals of Iowa.

April 23, 1995.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Angelina M. Smith, Assistant Attorney General, Lawrence H. Schultz, County Attorney, and Mike Wallace, Assistant County Attorney, for appellee.

Considered by SACKETT, P.J., and CADY and HUITINK, JJ.

CADY, Judge.

Kenneth Orte, Jr., appeals from his sentences and convictions, following a jury trial for third-degree burglary and second-degree theft, in violation of Iowa Code sections 713.6A, 714.1(1), and 714.2(2) (1993). He contends the district court erred in denying his motion to dismiss based on a violation of his right to speedy trial and in considering unproven and unprosecuted charges in sentencing him. Upon our review, we conclude Orte was denied his right to a speedy trial and reverse the district court.

On May 6, 1993, a trial information was filed charging Orte with third-degree burglary, second-degree theft, and possession of cocaine. Arraignment was scheduled for May 13. The order required the defendant to appear personally if a written arraignment was not filed. Orte was in in-patient alcohol treatment and unable to attend the arraignment. The court rescheduled the arraignment for June 24. On June 3, Orte filed a motion to sever the possession charge from the other charges. A hearing on the motion to sever was scheduled for the same time as the arraignment. Following the hearing, the district court granted the motion to sever and dismissed the possession charge from the trial information. The arraignment, however, did not take place. No explanation was given for the failure to hold the arraignment.

Orte also filed a motion to suppress evidence seized from his home. A hearing was set for July 29, 1993, but was continued until August 5 on a motion by the State. The hearing was again continued when the judge recused himself because he had issued the search warrant in the case. The hearing on the motion was finally held on August 31, 1993. A ruling denying the motion was filed on September 2.

On September 13, 1993, the State filed a motion requesting the court to enter a not guilty plea and set the case for trial. The State asserted that Orte had not appeared for arraignment on May 13, 1993 and although arraignment was rescheduled for June 24, it was not carried out despite Orte's presence on that date. A hearing on the motion was held on September 16, at which time Orte moved to dismiss the case based on a violation of his right to speedy trial. Orte also offered to file a written arraignment to expedite the proceedings. The district court ordered Orte to file a written motion to dismiss and accepted his written arraignment.[1] The court also scheduled a trial for September 27. Orte filed a written motion that day and the parties filed a stipulation of facts on September 22. On December 3, 1993, the court denied Orte's motion.

On December 16, the State filed a renewed request for the court to set the case for trial. Orte filed a second motion to dismiss again alleging a denial of speedy trial. This was also denied. The district court stated the delay was attributable to Orte and that good cause existed for the delay.

The trial began on December 27. Following trial, Orte was found guilty of the burglary and theft offenses. During sentencing, the district court discussed Orte's pending charges for possession of a controlled substance and vehicular homicide and how these

---

1. The written arraignment was dated July 2, 1993. At the hearing Orte's attorney stated he did not recall why the arraignment was not filed, but that he ordinarily prepared written arraignments in criminal matters like Orte's.

occurred while he was on probation. Orte was sentenced to two concurrent five-year prison terms.

Orte appeals. He contends the district court erred in failing to dismiss the case based on a violation of his right to speedy trial. Orte also argues the district court abused its discretion in considering unproven and unprosecuted pending charges in sentencing him.

■ Our scope of review for speedy trial issues under Iowa Rule of Criminal Procedure 27(2)(b) is for corrections of errors at law. *State v. Finn*, 469 N.W.2d 692, 693 (Iowa 1991). We recognize the trial court's discretion to refuse to dismiss within the limits of the exceptions to the speedy trial mandate. *See State v. Todd*, 468 N.W.2d 462, 470 (Iowa 1991). Thus, we ultimately look to whether the trial court abused its discretion. *Id.*

■ The right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution, as well as Article I, section ten of our Iowa Constitution, and is now solidified by our rules of criminal procedure. *State v. Olson*, 528 N.W.2d 651, 653 (Iowa App.1995).

■ Rule 27(2)(b) requires that an accused be brought to trial within ninety days of indictment. The rule applies equally to charges brought by trial information. *State v. Clark*, 351 N.W.2d 532, 534 (Iowa 1984).

■ If trial is not commenced within the ninety-day period prescribed by the rule, the indictment or information must be dismissed unless the defendant has waived the speedy trial right, the delay is attributable to the defendant, or good cause exists for the delay. *State v. Hamilton*, 309 N.W.2d 471, 475 (Iowa 1981).

■ We have consistently held the critical factor in the "good cause" analysis is the reason for the delay. *Olson*, 528 N.W.2d at 654; *State v. Searcy*, 470 N.W.2d 46, 48 (Iowa App.1991). Other factors such as the length of the delay, whether the defendant was prejudiced, and whether the defendant asserted his or her right to a speedy trial also bear on the inquiry when the reason for the delay is weak. *State v. Bond*, 340 N.W.2d 276, 279 (Iowa 1983); *State v. Petersen*, 288 N.W.2d 332, 335 (Iowa 1980). Thus, a comparatively weak reason for the delay may become sufficient to avoid dismissal if the delay is relatively short and does not prejudice the accused. *Olson*, 528 N.W.2d at 654; *Bond*, 340 N.W.2d at 279.

■ Defendants have no duty to bring themselves to trial. *State v. Hines*, 225 N.W.2d 156, 158 (Iowa 1975). It is the state's duty to effectuate the rule requiring trial within ninety days, absent good cause. *Id.* Moreover, once the ninety day period expires, the burden remains on the state, to establish an exception to the ninety-day rule. *Todd*, 468 N.W.2d at 469.

Here, the State asserts the majority of the 235 day delay from the scheduled May 13 indictment to the December 27 trial is attributable to Orte, and therefore, constitutes "good cause" for the delay. The State also asserts Orte is responsible for the subsequent delays because he did not file a written arraignment before ninety days lapsed, and he filed two motions to dismiss.

■ The State correctly concludes a defendant's actions may constitute good cause for delay. *State v. Moehlis*, 250 N.W.2d 42, 46 (Iowa 1977). A defendant may not actively or passively participate in the events which delay his or her trial and then later take advantage of that delay to terminate the prosecution. *State v. Ruiz*, 496 N.W.2d 789, 792 (Iowa App.1992). Additionally, a defendant must accept the passage of time reasonably necessary for action on his or her own motions. *See State v. Donnell*, 239 N.W.2d 575, 579 (Iowa 1976) ("the period of delay resulting from other proceedings concerning the defendant, including hearings on pre-trial motions, should be excluded in computing time for trial.").

■ The facts in this case, however, do not support the State's conclusion that Orte caused the majority of the delay. Although he missed his initial arraignment, he was present at his rescheduled arraignment on June 24. The State was aware of his whereabouts and made no attempt to arraign him

until September 16, over a month after the speedy trial date had elapsed.

By asserting Orte's attorney should have filed the written arraignment on the date it was prepared, the State is attempting to shift their responsibility on to the defendant. The state is responsible for bringing defendants to trial. *Hines*, 225 N.W.2d at 159. They are the prosecutor; they must press for speedy trial. *State v. Wright*, 234 N.W.2d 99, 104 (Iowa 1975).

Moreover, even if the forty-one day delay from May 6 to June 24 is attributable to Orte, the State has provided no "good cause" for the remaining 194 day delay. They maintain Orte filed two motions to dismiss and he must accept the passage of time necessary for a ruling on his motions.

This argument fails to consider two points. First, excluding the forty-one days attributable to Orte, over ninety days passed between the time the trial information was filed and the first trial date. Second, Orte took all the necessary steps to expedite the motion to dismiss and the trial court still filed its decision two and a half months after Orte filed his written motion. On September 16, Orte filed a routine motion to dismiss for lack of speedy trial. On September 22, the parties filed a stipulation of facts. Trial was set for September 27, however, the court did not rule on Orte's motion to dismiss until December 3.

The time consumed by the trial court might have been excusable had it been confronted with a complex issue, *State v. Donnell*, 239 N.W.2d 575, 579 (Iowa 1976), or if there was evidence in the record of an unusually full docket. *State v. Hines*, 225 N.W.2d 156, 158 (Iowa 1975) (holding non-chronic court congestion arising out of unique, non-recurring events may constitute "good cause" for delay). It is unfair under the facts of this case, however, to place the blame for the court's lengthy decision making period on the defendant. Iowa Rule of Criminal Procedure 10(8) requires pretrial motions to be "determined without unreasonable delay." Additionally, Iowa Court Rule 200 requires judges to file a written report regarding matters taken under advisement for over sixty days. Prompt disposition of motions is clearly contemplated by these rules of procedure. While we are reluctant to imply trial courts cannot take the necessary time to properly study and rule on pre-trial motions, we are equally reluctant to abrogate the defendant's right to a speedy trial as a result of inordinate, unexplained delay in the issuance of a ruling.

We recognize that delay by the court in the issuance of rulings on pretrial motions is beyond the direct control of the prosecutor. *See State v. Hathaway*, 257 N.W.2d 735, 737 (Iowa 1977). The State, however, is not powerless. There was no evidence they made any effort to prompt the court to issue its ruling by requesting a trial date or other means. This inaction by the State was consistent throughout the proceedings.

In sum, the State has failed to meet its burden to show "good cause." It did not demonstrate Orte was responsible for the delay. Moreover, Orte asserted his right to a speedy trial within a reasonable period of time after the ninety day deadline had passed. The delay between the filing of the trial information and the trial was lengthy, spanning over seven months. Under the circumstances, a presumption of prejudice surfaced, and no evidence was offered to rebut the presumption or otherwise diminish its impact. *See Olson*, 528 N.W.2d at 654–55.

Considering all the factors, we conclude the delay between the filing of the trial information and the trial violated Orte's right to a speedy trial under rule 27(2)(b). We reverse the conviction and remand to the district court with instructions to dismiss the charges.

**REVERSED.**