# IN THE COURT OF APPEALS OF IOWA

No. 13-0834
Filed May 29, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**TERRELL FIELDS,**
　　　　Defendant-Appellant.
_____


Appeal from the Iowa District Court for Polk County, Arthur E. Gamble, Judge.


Terrell Fields appeals from his conviction for pimping. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and David Porter and Lindsey Purdy, Assistant County Attorneys, for appellee.


Considered by Vogel, P.J., Doyle, J., and Sackett, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**VOGEL, P.J.**

Terrell Fields appeals from his conviction for pimping, asserting the district court erred in overruling his *Batson* challenge. Because we conclude Fields did not establish a prima facie case showing discrimination based on race and the State also offered a racially-neutral explanation for striking the prospective juror, we affirm.

Following a jury trial, Fields was convicted of pimping in violation of Iowa Code section 725.2 (2011). The conviction was based on conduct that occurred with two undercover officers on October 25, 2012, where Fields arranged to have a prostitute ready for one of the officers who was posing as a customer. On March 15, 2013, the district court sentenced Fields to a term of incarceration not to exceed five years.

After voir dire concluded, Fields made a *Batson* challenge to one of the State's peremptory strikes. Specifically, the following exchange occurred:

> Defense Counsel: On [prospective] juror [now at issue] . . . I would just make a motion at this point in time that I believe was the State's third strike that originally when we were doing voir dire, he had stated to both attorneys that he thought prostitution was okay.
> I feel at this point in time that that was an unfair strike based on the fact that, you know, morally he thought that a certain charge and a certain crime, that even though it's against the law in the State of Iowa, that he voiced his own—for lack of a better word, his own interpretation of his moral beliefs and was being honest about how he felt when asked about prostitution, whether it should be legal or not. And even though, again, it's a crime in the State of Iowa, I feel that was an unfair strike by the county attorney based on the fact that this gentleman was simply expressing, you know, his belief and his moral belief regarding a question that was posed to him regarding prostitution.
> The Court: Well. Okay. For the record, the defendant's African-American. The potential juror . . . is Hispanic, so you're making a *Batson* challenge?
> Defense Counsel: Correct.

The Court: I just want to hear what the State's legitimate non-discriminatory reason for striking [the potential juror] is.

The State: All of the State's strikes were struck for people who essentially articulated a belief that a choice between two consenting adults was okay with them, even under the—even though the law may prohibit it.

[Another juror] articulated that. That was the first strike. [A third juror] indicated that. The State struck him. [A fourth] juror was very vocal in that opinion. He was the second strike from the State . . . . That was the reason why the State exercised those strikes.

[The juror at issue] fits squarely within that rationale as to why prostitution between two consenting adults may be okay with him morally, but may be illegal in the State of Iowa. That is why the State exercised those strikes.

The Court: Thank you. The defendant's *Batson* challenge is overruled.

Fields asserts the district court's ruling was in error and violated the Sixth and Fourteenth Amendments of the United States Constitution and article I, section 10 of the Iowa Constitution. Specifically, he claims the State's race-neutral reason for striking the prospective juror was not persuasive because, first, the prospective juror clarified that he did not personally or morally approve of prostitution, and, second, there were other jurors who expressed a stronger opinion regarding the morality of prostitution who nonetheless remained on the jury.

We review a ruling on a *Batson* challenge de novo. *State v. Keys*, 535 N.W.2d 783, 785 (Iowa Ct. App. 1995). To succeed on a *Batson* challenge, the defendant must first establish a prima facie case of discrimination based on race. *Batson v. Kentucky*, 476 U.S. 79, 96–97 (1986). If the defendant establishes this prima facie case, the burden shifts to the State to articulate a clear, reasonably specific, and race-neutral explanation for the peremptory strike. *Id.* at 97–98. The trial court must then determine whether the defendant has carried his burden

of proving purposeful discrimination. *Id.* at 98; *see also Powers v. Ohio*, 499 U.S. 400, 416 (holding the defendant and the prospective juror do not have to be the same race to qualify for a *Batson* challenge). "In determining whether a defendant has established the requisite showing of purposeful discrimination, the court should consider all relevant circumstances including, but not limited to, a pattern of strikes against [jurors of a particular race], as well as the prosecutor's questions and statements during voir dire." *State v. Griffin*, 564 N.W.2d 370, 375 (Iowa 1997).

Here, Fields did not establish a prima facie case of discrimination based on race. The record does not reflect a pattern of strikes exercised against Hispanic jurors or other members of minority groups. In fact, when articulating his *Batson* challenge, Fields did not cite the prospective juror's race as a reason he was challenging the State's peremptory strike. Rather, he objected on the ground the State was striking the prospective juror because he expressed an opinion—it was the district court that stated the prospective juror was Hispanic.

Moreover, the State offered a race-neutral explanation for its peremptory strike. During voir dire, when asked about his opinion regarding prostitution and whether it should be legal or illegal, the prospective juror stated:

> I don't really care for either way. I don't really care if it's legal or not legal . . . . I mean, it's, I guess, a law, but there is some states— well, I guess one part of the state, I forgot where it's legal so—I don't know.

The State cited this statement as its reason for striking this prospective juror. Additionally, the State's peremptory strikes demonstrated its preference to strike jurors who indicated they did not believe prostitution should be illegal, which is a

race-neutral reason for these strikes. While Fields claims two other jurors expressed a stronger lack of opposition to prostitution under certain scenarios, the State argues the stricken juror was not able to explain his opinion when questioned. We therefore agree with the district court the State articulated a clear, reasonably specific, and race-neutral explanation for its peremptory strike of this prospective juror. *See Batson*, 476 U.S. at 97–98.

Additionally, the district court, after weighing Fields's argument and the State's race-neutral reason for the strike, concluded no *Batson* violation occurred. Although Fields failed to establish a prima facie showing, we also find no error in the district court's ruling. *See State v. Mootz*, 808 N.W.2d 207, 218 (Iowa 2012) (holding the *Batson* inquiry must include a weighing of the race-neutral reason against the defendant's prima facie case). Consequently, Fields cannot succeed on his *Batson* challenge, and the court properly overruled his claim.

**AFFIRMED.**