# IN THE COURT OF APPEALS OF IOWA

No. 19-0579
Filed September 23, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**SCOTT ALAN JOHNSON,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Deborah Farmer Minot, District Associate Judge.

Scott Johnson appeals the trial court order denying his motion for mistrial based on the inadvertent disclosure of his preliminary breath test results. **AFFIRMED.**

Anne K. Wilson of Viner Law Firm, PC, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**GREER, Judge.**

A jury convicted Scott Johnson of operating while under the influence of alcohol, in violation of Iowa Code section 321J.2 (2018). Johnson appeals the conviction, contending that the district court abused its discretion in denying his motion for a mistrial.

**I. Background Facts and Proceedings**

On July 14, 2018, Officer Damon Spencer of the Coralville Police Department was on a routine patrol when he observed a blue Chevrolet Trailblazer heading eastbound. Officer Spencer observed the driver struggling to maintain the lane. Officer Spencer followed the Trailblazer as it pulled into the driveway of a residence. As Johnson exited the Trailblazer, Officer Spencer approached him to address his concerns with Johnson's driving. Johnson admitted that he had been at his stepson's home that evening and had consumed "a few" wine coolers.

During the initial conversation, Officer Spencer observed what he believed were signs of impairment. The officer testified Johnson's speech was slow, mumbled, and somewhat slurred. Officer Spencer also observed that Johnson was struggling with balance, "kind of staggering and swaying while standing still." He also testified that Johnson smelled of alcohol.

Johnson consented to performing field sobriety tests, including the horizontal gaze nystagmus (HGN) test, a walk and turn test, and a one-leg stand test. With the HGN test, Officer Spencer observed six clues out of six, suggesting alcohol intoxication. On the walk and turn test, Officer Spencer observed six out of eight possible clues. Then on the one-leg stand test, Officer Spencer observed three out of four possible clues. With these indicators in hand, Officer Spencer

asked Johnson to consent to a preliminary breath test (PBT), and Johnson agreed. After Johnson performed the PBT, Officer Spencer placed him under arrest and transported him to the Coralville Police Department for further testing.

At the station, Officer Spencer read Johnson an implied consent advisory, under Iowa Code section 321J.6, requesting that Johnson provide a breath or urine sample to determine his blood alcohol content. Johnson refused to consent to either test.

At Johnson's trial, the State played several portions of video recordings by the Coralville Police Department for the jury by agreement and stipulation of both parties. Specifically, the prosecutor stated that the State removed all references to Johnson's PBT completed at the scene and the results. Even so, when the State played a brief portion of video, it contained an audible reference to the results of Johnson's PBT. On the relevant portion, Officer Spencer can be heard telling Johnson, "You didn't do very well on the test." Johnson then asked the officer, "What'd I blow?" And the officer responded, ".101." "I think that's more than a wine cooler." During this portion of the conversation, Officer Spencer placed Johnson under arrest.

At trial, Johnson's attorney immediately objected, and the objection was sustained. The court said, "Ladies and gentlemen of the jury, you'll disregard any reference to numbers. That has been excluded by agreement of the parties, and you are not to consider that. So that information is stricken from the record."

Outside the presence of the jury, Johnson moved for a mistrial based on the improper disclosure of Johnson's PBT result, in violation of Iowa Code section 321J.5(2). While the court agreed that the PBT result was inadmissible, it denied

Johnson's motion for a mistrial. There was no further mention of the PBT result during the trial.

The court offered to include a curative jury instruction and any other curative instruction Johnson requested. One of the instructions given to the jury stated:

> The following are not evidence:
> . . . .
> 3. Any testimony I told you to disregard. In this case, during Officer Spencer's testimony, there was a defense objection that I sustained. I struck certain evidence from the record and instructed you to disregard it.

The jury found Johnson guilty of operating while under the influence of alcohol.

Johnson appeals.

## II. Standard of Review

Trial courts possess considerable discretion in ruling on motions for mistrial. *State v. Cage*, 218 N.W.2d 582, 586 (Iowa 1974). "The allowance of a mistrial motion ordinarily rests in the trial court's discretion and its ruling thereon will not be set aside except upon a clear showing of abuse of discretion." *State v. Staker*, 220 N.W.2d 613, 617 (Iowa 1974). In evaluating whether an abuse of discretion has occurred, "the pertinent question here is whether the trial court was clearly unreasonable in concluding an impartial verdict could be reached" considering the improper testimony or evidence at issue. *State v. Newell*, 710 N.W.2d 6, 32 (Iowa 2006). Abuse of discretion for denial of a mistrial will be found only where there is a lack of support in the record for the court's determination. *State v. Brewer*, 247 N.W.2d 205, 211 (Iowa 1976); *State v. Jirak,* 491 N.W.2d 794, 796 (Iowa Ct. App. 1986).

### III. Analysis

The State concedes that the reference at trial to the PBT results was improper but asserts that it was "fleeting" and inadvertent. And because appropriate curative measures were taken, the reference was not so prejudicial to Johnson as to require a mistrial. In contrast, Johnson maintains that the district court abused its discretion when it denied his motion for mistrial after the State disclosed the results of his PBT to the jury, in violation of Iowa Code section 321J.5(2). That section provides, "The results of this preliminary screening test shall not be used in any court action except to prove that a chemical test was properly requested of a person pursuant to this chapter." Iowa Code § 321J.5(2). "A mistrial is appropriate when 'an impartial verdict cannot be reached' or 'the verdict would have to be reversed on appeal due to an obvious procedural error.'" *Newell*, 710 N.W.2d at 32 (citations omitted). "The pertinent question here is whether the trial court was clearly unreasonable in concluding an impartial verdict could be reached notwithstanding" the evidence of Johnson's PBT results. *Id.*

Johnson immediately objected to the introduction of the evidence of his PBT results, and the court sustained the objection and told the jury to disregard the improper reference to Johnson's PBT result. In addition, the court provided a curative instruction to the jury telling it the State's reference to Johnson's PBT result was not evidence for the jury's consideration. If a trial court moves swiftly to strike an improper response, cautions the jury to disregard it, and provides a cautionary instruction, generally it will prevent prejudice against a defendant. *State v. Brown*, 397 N.W.2d 689, 699 (Iowa 1986). "A defendant who asserts such actions were insufficient bears a heavy burden of demonstrating a clear abuse of

discretion on the part of the trial court." *State v. Keys*, 535 N.W.2d 783,785 (Iowa Ct. App. 1995).

So does the court's statement to the jury to disregard the evidence immediately after it was introduced and again in a curative written jury instruction cure the prejudice from disclosure of the PBT results? In *State v. Belieu*, the supreme court provided several factors to consider in determining whether the prejudicial impact of inadmissible evidence can be sufficiently cured by a cautionary instruction: 1) the defendant's ability "to protect himself against the prejudicial impact"; 2) the extensiveness of the challenged testimony and the promptness with which the court deals with it; and 3) the strength of the State's evidence on the matter, which reduces its prejudicial value. 288 N.W.2d 895, 901–02 (Iowa 1980).

Here, the inadmissible reference to the PBT result was very brief and occurred only once. The court immediately sustained Johnson's objection and admonished the jury not to consider "any reference to numbers" it heard. It also told the jury in a written instruction that the "certain evidence [the court struck] from the record" was not evidence to be considered. We assume juries follow the instructions given to them by the court.[1] *State v. Hanes*, 790 N.W.2d 545, 552

---

[1] The jury was instructed that Johnson refused to give a breath, blood, and/or urine sample. With no reference to testing or the results needed to prove intoxication, the jury instead was charged with determining intoxication after evaluating these factors:

(Iowa 2010). And the State's case against Johnson was strong.[2] The portions of Officer Spencer's bodycam footage played to the jury corroborate his testimony that Johnson showed signs of impairment. The jury could view the footage and reasonably find Johnson was impaired at the time of his arrest based on his speech and his field sobriety test performance. The relative strength of the State's case against Johnson reduces the prejudicial impact of the inadmissible reference to the PBT result. *See Belieu*, 288 N.W.2d at 901. In sum, the trial court acted quickly and took proper measures to reduce the prejudicial impact of disclosure of the PBT result and ensure Johnson received a fair trial. Thus, it was not an abuse of discretion to deny Johnson's motion for a mistrial.

With that being said, a PBT result is the "type of precise evidence that a jury will seize in order to avoid the messy business of weighing the imprecision of mere observations." *State v. Ness*, 907 N.W.2d 484, 489 (Iowa 2018). And "a breath test result is important evidence in prosecutions for [driving under the influence of alcohol]." *State v. Moorehead*, 699 N.W.2d 667, 673 (Iowa 2005). Although we presume that juries follow curative instructions, trial courts should proceed with

---

1. His or her reason or mental ability has been affected.

2. His or her judgment is impaired.

3. His or her emotions are visibly excited.

4. He or she has, to any extent, lost control of bodily actions or motions.

[2] The jury panel's request to again view portions of the video during the deliberations suggests they relied upon observations of Johnson's level of intoxication as opposed to any test result.

caution, as the trial court did here, when PBT results are revealed to the jury. Even when PBT results are referenced briefly by mistake or inadvertence and curative measures are taken, it may be difficult to "un-ring the bell" in the minds of the jury.

For all these reasons, Johnson has not met the heavy burden of showing the district court abused its discretion when it denied his motion for mistrial.

## IV. Conclusion

The district court did not abuse its discretion when it denied Johnson's motion for mistrial after the State inadvertently disclosed the results of Johnson's PBT.

**AFFIRMED.**

Mullins, J., concurs; Doyle, P.J., dissents.

**DOYLE, Presiding Judge** (dissenting).

I respectfully dissent.

This case is a classic example of how audio visual presentations and Murphy's Law go hand in hand.[3] Officer Damon Spencer's body camera video contained inadmissible material—a reference to the results of Scott Johnson's Preliminary Breath Test (PBT).[4] While the State intended to omit references to Johnson having taken a PBT, when the State played the video for the jury's viewing the inadmissible portion was inadvertently shown. Johnson promptly objected; the State apologized; and the court immediately sustained the objection, struck the offending portion of the video, and told the jury to disregard it. A curative instruction was later given to the jury.

The majority points out the inadmissible reference to the PBT result was "very brief and occurred only once," assumed the jury followed its instructions, and opined the evidence against Johnson was "strong." On this basis, the majority concludes Johnson failed to meet the heavy burden of demonstrating a clear abuse of discretion on the part of the trial court in denying Johnson's motion for mistrial. I disagree.

---

[3] If anything can go wrong, it will.

[4] A PBT is a screening test, and the results of that test are inadmissible. Indeed, section 321J.5(2) (2018) provides, "The results of this preliminary screening test [(PBT)] . . . shall not be used in any court action except to prove that a chemical test was properly requested of a person pursuant to this chapter." *See State v. Massick,* 511 N.W.2d 384, 388 (Iowa 1994) (recognizing the results of a PBT are inadmissible). Further, testimony by officers that the result of a PBT indicated the presence of alcohol is reversible error. *State v. Deshaw,* 404 N.W.2d 156, 158 (Iowa 1987).

Yes, Johnson's burden is great as we review the district court's denial of a mistrial motion for an abuse of discretion.[5]  *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017).  An abuse of discretion in denying a mistrial motion occurs "only when defendant shows prejudice which prevents him from having a fair trial."  *State v. Callender*, 444 N.W.2d 768, 770 (Iowa Ct. App. 1989).  I believe Johnson met his burden.

Our supreme court has recognized that "there is something special about objective tests" like the PBT.  *State v. Ness*, 907 N.W.2d 484, 489 (Iowa 2018).  The PBT is "the type of precise evidence that a jury will seize in order to avoid the messy business of weighing the imprecision of mere observations."  *See id.* (citing *State v. Gieser*, 248 P.3d 300, 303 (Mont. 2011) (noting that a breath test has "an appearance of precision and scientific reliability that is qualitatively different from the more subjective observations of the officer as to speech, eyes, coordination and odors")).  As in *Ness*, I cannot say proof that Johnson was under the influence "was so strong as to overcome the prejudice" of the jury's hearing the results of the PBT.  *See id.*  And even the majority notes that "[e]ven when PBT results are referenced briefly by mistake or inadvertence and curative measures are taken, it

---

[5] Abuse of discretion "does not imply a bad motive, or a wrongful purpose or perversity, passion, prejudice, partiality, moral delinquency, willful misconduct, or intentional wrong.... It does not imply reproach."  *State ex rel. Fletcher v. District Court*, 238 N.W. 290, 294 (Iowa 1931).  It "is not a term of opprobrium, but only of error in arriving at the conclusions thought to sustain the ruling made."  *Jacobsen v. Gamber*, 86 N.W.2d 147, 149 (Iowa 1957).  *See generally State v. Guise*, No. 17-0589, 2018 WL 2084846, at *18-19 (Iowa Ct. App. May, 2, 2018) (Doyle, J. dissenting) (observing the harshness of the term and suggesting adopting a "kinder and gentler" term), vacated, 921 N.W.2d 26 (Iowa 2018).

may be difficult to 'un-ring the bell' in the minds of the jury."  Indeed.  Particularly in a "no test" OWI case.

I would reverse and remand for a new trial.