# IN THE COURT OF APPEALS OF IOWA

No. 24-1431
Filed September 4, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES EDWIN BROWN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Tom Reidel (motion to dismiss) and Jeffrey C. McDaniel (sentencing), Judges.

A criminal defendant appeals the district court's order denying his motion to dismiss.  **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SANDY, Judge.**

The State has a duty to provide a defendant with a speedy trial, but that duty "does not require that [the State] play a game of hide-and-go-seek with him." *State v. Brandt,* 253 N.W.2d 253, 259 (Iowa 1977) (citation omitted).

James Edwin Brown appeals the district court's order denying his motion to dismiss. Brown contends that the State violated his right to speedy trial, and that there was no good cause to delay his trial date past the one-year speedy trial deadline. He argues the district court abused its discretion by denying his motion to dismiss and granting the State's motion to continue trial one month beyond the speedy trial deadline.

We conclude the district court properly found good cause to delay Brown's trial. The district court did not abuse its discretion in denying Brown's motion to dismiss. We affirm.

## I.      Background Facts and Proceedings

On May 2, 2023, Brown was arrested, and a month later indicted by trial information, with a class "B" felony under Iowa Code section 124.401(1)(b)(7) (2023), and two class "D" felonies under Iowa Code sections 706.3 and 453B.12. Brown was arraigned on June 8, which began his one-year speedy trial clock under Iowa Rule of Criminal Procedure 2.33(2)(c). Brown did not waive his ninety-day speedy trial right under Iowa Rule of Criminal Procedure 2.33(2)(b), so the district court set a pretrial conference for July 7. The district court's order notified Brown that he needed to attend the pretrial conference. Brown posted bond the next day. Brown subsequently failed to appear at the July 7 pretrial conference, prompting the district court to issue a bench warrant for his arrest. The clerk of court mailed

Brown a notice of order for bond forfeiture, but the letter was returned as undeliverable. Between June and August, the State amended Brown's trial information to add two co-defendants.

On March 11, 2024, Brown was arrested by the Davenport Police Department, eight months after he had failed to appear. On March 15, Brown waived his ninety-day speedy trial right, and the Court set a trial date for May 20. On March 25, the State filed a motion to continue and re-set Brown's trial date to coincide with his co-defendants.[1] Brown's counsel did not file a resistance to the motion to continue, and on April 14, the district court granted the State's motion.[2] The court re-set the trial for July 8. Brown filed a motion to dismiss on June 18, alleging that the July 8 trial date violated his right to speedy trial under rule 2.33(2)(c).

This appeal followed.

## II. Standard of Review

We review district court rulings on "motion[s] to dismiss based on speedy-trial grounds for an abuse of discretion. However, that discretion is a narrow one, as it relates to circumstances that provide good cause for delay of the trial." *State v. McNeal*, 897 N.W.2d 697, 704 (Iowa 2017) (citation omitted). The burden is on the State to show good cause for delay. *Brandt*, 253 N.W.2d at 255 (citation omitted).

---

[1] Neither Brown nor any of his co-defendants filed a motion to sever.
[2] We are aware there is some ambiguity and debate about whether Brown resisted setting the trial date outside the one-year deadline, given his failure to file a resistance as directed by the court.

### III.    Analysis

Brown asserts that there was no good cause to delay his trial past the one-year speedy trial deadline.  Under Iowa Rule of Criminal Procedure 2.33(2)(c), "[a]ll criminal cases must be brought to trial within one year after the defendant's initial arraignment pursuant to rule 2.8 unless an extension is granted by the court, upon a showing of good cause."

Trial may proceed outside of the one-year speedy trial deadline "if the State proves (1) the defendant waived speedy trial, (2) the delay was attributable to the defendant, or (3) good cause existed for the delay."  *State v. Jentz*, 853 N.W.2d 257, 269 (Iowa Ct. App. 2013).  We inquire into whether the events that delayed the progress of the case were attributable to the defendant or other good cause for delay as a matter of practical necessity.  *Id*. at 270.  A defendant's own actions may constitute good cause for delay.  *State v. Orte*, 541 N.W.2d 895, 898 (Iowa Ct. App. 1995).

Brown argues that the district court's desire to try him with his co-defendants is not good cause for delay past the one-year speedy trial deadline.  Brown further argues his counsel's failure to resist the State's motion to continue his trial past the one-year speedy trial date is not good cause for delay.  We disagree.

Brown asks us to ignore the poignant reality that he absconded and evaded law enforcement for over eight months while his speedy trial clock was ticking.  In *Jentz*, we held that there was good cause to delay the one-year speedy trial deadline after a defendant fled the state, incurred additional charges in Florida, and was held in Florida for prosecution as his trial date passed in Iowa.  853

N.W.2d at 271. A defendant will not be rewarded with a dismissal of his case because his own actions prohibited his ability to attend his own proceedings.

Similarly to *Jentz*, delay in Brown's trial date can be attributed to his own actions. A finding of good cause generally depends on the strength of "only one factor: the reason for the delay." *See McNeal*, 897 N.W.2d at 704 (citation omitted). The logic of *Jentz* applies to the present case. Brown absconded and evaded law enforcement for over eight months, a period equal to about two-thirds of his speedy trial window. If a defendant absconds and evades arrest past their speedy trial deadline, or to the eve of his trial date, should they be rewarded with a dismissal of their charges? We think not. By absconding and evading law enforcement, Brown gave the district court good cause to delay his trial one month beyond the speedy trial deadline. The State has a duty to provide a defendant with a speedy trial, but that duty "does not require that [the State] play a game of hide-and-go-seek with him." *Brandt,* 253 N.W.2d at 259 (citation omitted).

Moreover, the degree of the delay is an important consideration. *Id*. Here, the delay is relatively minimal. The district court delayed Brown's trial by one month past his one-year speedy trial deadline to conserve judicial resources. Given the surrounding circumstances of Brown's eight-month sojourn, the State carried its burden and the district court properly found good cause for the delay of one month. Further, the one-month delay did not prejudice Brown.

## IV. Conclusion

The district court properly found good cause for delay, and the court did not abuse its discretion in denying Brown's motion to dismiss. We, therefore, affirm.

**AFFIRMED.**