**STATE of Iowa, Appellee,**

v.

**Joseph Michael FINN, Appellant.**

**No. 90–393.**

Supreme Court of Iowa.

May 15, 1991.

James R. Cook, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., John Sarcone, County Atty., and Joseph P. Weeg, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN, and SNELL, JJ.

SNELL, Justice.

This appeal by defendant, Joseph Michael Finn, arises from a conviction, following a bench trial, for operating a motor vehicle while intoxicated (OWI). The question here is whether, pursuant to Iowa Rule of Criminal Procedure 27(2), the district court erred in not dismissing the criminal charge against Finn on the grounds his rights to indictment and speedy trial had been denied. We conclude that it did not, and therefore affirm the district court's ruling.

On February 24, 1989, Finn was arrested by the Urbandale police for OWI, first offense, in violation of Iowa Code section 321J.2 (1989). On February 27, 1989, a preliminary complaint was filed by the arresting officers with the Polk County District Court. At his initial appearance the court entered a not guilty plea for Finn and scheduled arraignment for April 11, 1989.

Thereafter, but prior to arraignment, Finn agreed to participate in the county attorney's Intoxicated Drivers' Screening and Prosecution Unit Diversion Program. As a result of participating in this program, defendant's case would be closed. If defendant failed to comply with the requirements of this deferred prosecution program, his case could be reopened with the filing of a trial information. A condition precedent to participation in this program was a waiver by defendant of his right to an indictment within forty-five days of arrest and speedy trial. Finn executed a written waiver on March 8, 1989.

The deferred prosecution program required Finn to enroll in a course of outpatient treatment at a substance abuse clinic. Finn discovered that the time requirements for this outpatient treatment were not compatible with his employment, so he asked to be released from the program on March 29, 1989. Finn's counsel telephoned this information to the county attorney's office and also requested reinstatement of the criminal prosecution at that time.

On April 11, 1989, Finn's attorney appeared in court for Finn's arraignment as previously scheduled on February 27, 1989. However, no file was available on Finn's criminal case and no representative from the county attorney's office had any knowledge of the matter.

By letter of the same date, April 11, counsel for Finn reiterated to the coordinator of the deferred prosecution program the telephone conversation of March 29, 1989, and the fact that no one was present from the county attorney's office for the arraignment. The letter further stated that Joseph Finn "was no longer interested in participating in the Deferred Prosecution Program" and to "please advise me what the current status is and when to appear for arraignment for Mr. Finn."

Finn heard nothing from the county attorney until September 1989, when he received a letter threatening to terminate him from the deferred prosecution program. On October 13, 1989, Finn received a second letter advising him that he had been terminated and should report to the Polk County Courthouse for arraignment on November 7, 1989. On October 30, 1989, a trial information was filed, and on November 7, 1989, Finn was arraigned.

On December 14, 1989, Finn moved to dismiss the criminal charge against him on the grounds his rights to indictment and speedy trial had been denied. This motion was overruled by the district court, and Finn was later found guilty of OWI after a bench trial on stipulated facts. Finn now appeals this ruling and his resulting conviction.

In deciding indictment and speedy trial questions under Iowa Rule of Criminal Procedure 27(2), our scope of review is for correction of errors at law. *See* Iowa R. App.P. 4. Moreover, because our review is at law, we are bound by findings of fact supported by substantial evidence. *State v. Boelman,* 330 N.W.2d 794, 795 (Iowa 1983). Therefore, the defendant is entitled to prevail only if his evidence was so strong the trial court was compelled to rule for him as a matter of law. *Id.*

Iowa Rule of Criminal Procedure 27(2)(a) and (b) require in part that:

    a. When an adult is arrested for the commission of a public offense ... and an indictment is not found against him

within forty-five days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives his right thereto.

b. If a defendant indicted for a public offense has not waived his or her right to a speedy trial he or she must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown. *See also State v. Clark*, 351 N.W.2d 532, 534 (Iowa 1984).

Additionally, this court has held that, when a trial is not commenced within the ninety-day period specified in rule 27(2)(b), the court must dismiss the case unless (1) the defendant has waived his right to a speedy trial, (2) the delay is attributable to the defendant, or (3) "good cause" exists for the delay. *State v. Bond*, 340 N.W.2d 276, 279 (Iowa 1983); *State v. Hamilton*, 309 N.W.2d 471, 475 (Iowa 1981); *State v. Peterson*, 288 N.W.2d 332, 335 (Iowa 1980).

Finn contends that rule 27 requires a dismissal of the charge because more than forty-five days elapsed between his arrest on February 24, 1989, and his indictment on October 3, 1989, and more than ninety days elapsed between his indictment and his trial on February 21, 1990. The State, on the other hand, contends that Finn expressly waived his right to a speedy indictment and trial when he entered the deferred prosecution program, and that waiver was never revoked.

It is undisputed that Finn executed a written waiver of his rights to indictment and speedy trial on March 8, 1989. What is disputed is the effect, if any, the communications between Finn's attorney and the coordinator of the deferred prosecution program have on Finn's waiver. Finn contends that the communications rescinded his prior written waiver invoking the standards espoused by this court in *Hamilton*.

In *Hamilton*, we held "that when a waiver of the right to a speedy trial is withdrawn, the defendant must be tried within ninety days from the date of the withdrawal unless good cause to the contrary be shown." 309 N.W.2d at 475. Relying on this language, Finn contends that the district court erred in not dismissing the charge against him on the ground that he was not brought to trial within ninety days of April 11, 1989, the date of the alleged withdrawal of his waiver.

The record clearly indicates that Finn chose to give up his right to an indictment within forty-five days and a speedy trial in order to enter the deferred prosecution program. While the record shows that Finn's attorney notified the county attorney by phone and by letter that Finn was not going to participate further in the deferred prosecution program, we find no reference in either communication to his speedy trial rights. Further, there is no other indication by Finn in the record of a withdrawal of his previous waiver or a reassertion of his speedy trial rights. The messages by Finn so far as concern his indictment and speedy trial rights were equivocal at best, at worst, purposefully vague. In either case they failed to assert his rights in a legally effective way.

The obvious purpose of the time periods contained in rule 27 is to implement the constitutional provisions that require a speedy trial. These rules were not intended to provide a defendant with a weapon to trap state officials and terminate prosecutions. Nor were they intended to be a device to give a defendant absolute immunity from prosecution. *See State v. Zaehringer*, 306 N.W.2d 792, 796 (Iowa 1981). Finn may not actively, or passively, participate in the events which delay his trial and then later take advantage of that delay to terminate the prosecution. The district court did not err in overruling the motion to dismiss.

AFFIRMED.