**STATE of Iowa, Plaintiff–Appellee,**

v.

**Audrey M. WARMUTH, Defendant–Appellant.**

No. 94–0228.

Court of Appeals of Iowa.

March 30, 1995.

Linda Del Gallo, State Appellate Defender, Rachele Braverman Hjelmaas and James G. Tomka, Asst. State Appellate Defenders, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Kasey E. Wadding, Asst. County Atty., for appellee.

Considered by DONIELSON, C.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

On April 20, 1993 [1], the State charged Audrey Warmuth with fourth-degree theft in violation of Iowa Code sections 714.1(2) and 714.2(4). The charge was based on an allegation Warmuth had taken food stamps belonging to her niece with an intent to deprive her niece of the use thereof.

The defendant was arraigned and pled not guilty. Trial was set for June 22. On April 29, defendant demanded her right to a speedy trial. Defendant later advised she intended to enter a guilty plea, and on June 9, at defendant's request, the case was moved from the trial calendar and set for guilty plea proceedings for July 29. Hearing [2] on the guilty plea was held on that date. Warmuth's plea was not accepted because she did not admit to all of the elements of the crime.[3] The district court then entered an order which provided:

> On this date the Court has been presented with a Motion for Continuance filed by the defendant for the following reason: *Time to consult with counsel.* After reviewing said motion, the Court now concludes that the matter should be continued as soon as possible.
>
> IT IS HEREBY ORDERED that this case be continued to the 23rd day of Sept., 1993, at 1:30 p.m.

(Emphasis in original.)

On September 23, the case was reset for October 7. The court stated that for speedy trial purposes, the ninety-day period would commence July 29. On September 24, the defendant waived her right to trial by jury. The case was then rescheduled for October 20.

---

1. All dates hereafter are 1993 unless otherwise specified.

2. A transcript of the hearing is not available. The court reporter for Judge Moothardt testified that "if a defendant doesn't complete their plea of guilty, * * * I would probably have thrown my notes away ..." She further testified that it is standard procedure to throw the notes away if the plea does not go through. We strongly discourage such practice.

3. It appears from the record through a professional statement made by defense counsel that after discussing the elements of the offense with her attorney, defendant still wanted to proceed with her "plea of guilty." Her attorney, however, after learning more of the factual background of her activities, advised against her doing so. Her attorney stated further: " * * * she said she wanted to go forward with the plea, and I told her I couldn't do that because I wasn't going to let somebody plead guilty who, in fact, was not guilty and was not willing at this point to go forward with an Alford plea * * * "

On October 20, the defendant filed a motion to dismiss, claiming that the ninety-day speedy trial period had elapsed on September 7, forty days after the aborted July 29 guilty plea proceedings.[4] A hearing on defendant's motion was held on November 1.

At the November 1 hearing, defense counsel gave a professional statement that he had not asked for a continuance on July 29, but had asked that defendant's case be set for trial. The judge who entered the July 29 order, Judge Joseph Moothart, testified he had no independent recollection of defense counsel's request, but stated he would not have continued the case if he believed defendant was asking that it be set for trial.

The district court denied the motion to dismiss. The court determined a new ninety-day period for a speedy trial started to run on July 29 (this is the date the defendant appeared to enter her guilty plea but during the course of those proceedings she failed to provide the court with a factual basis establishing her guilt of the offense charged). The court found the speedy trial rule, measured from July 29, had not been violated because ninety days had not elapsed at the time defendant filed her October 20 motion to dismiss.

A bench trial on the merits of the case was held on November 4. The court found defendant guilty of theft in the fourth degree. She was sentenced to ninety days in the county jail. This sentence was suspended and she was placed on probation for twenty-four months. Defendant appealed.

The sole issue raised by defendant on appeal is whether the district court should have granted her motion to dismiss. Defendant believes a new ninety-day period for speedy trial purposes did not commence at the time she withdrew her guilty plea. Rather, she asserts the original ninety-day period merely began to run again on that date.

The parties agree fifty days passed from the date of the filing of the trial information (April 20) until the date the order was entered removing the case from the trial calendar for guilty plea proceedings, i.e. June 9. Defendant argues the ninety-day period began running again on July 29, and that the State should have tried her within forty days after July 29, which would have given the State until September 7 to hold her trial.

■ In deciding indictment and speedy trial questions under Iowa Rule of Criminal Procedure 27(2), our scope of review is for correction of errors of law. *State v. Finn,* 469 N.W.2d 692, 693 (Iowa 1991). Because our review is at law, we are bound by findings of fact supported by substantial evidence. *Id.* A defendant is entitled to prevail only if the evidence is so strong the court is compelled to rule for defendant as a matter of law. *Id.*

■ Iowa Rule of Criminal Procedure 27(2)(b) requires that a defendant be brought to trial within ninety days of indictment. When trial is not commenced within the ninety-day period, the court must dismiss the charge unless: (1) the defendant has waived the right to a speedy trial; (2) the delay is attributable to the defendant; or (3) there is good cause for the delay. *State v. Todd,* 468 N.W.2d 462, 469 (Iowa 1991). The burden is on the State to show one of these exceptions. *Id.*

■ The supreme court has determined that if a defendant enters a guilty plea, and subsequently withdraws the guilty plea, the State must try the case within ninety days after the withdrawal of the guilty plea. *State v. Clark,* 351 N.W.2d 532, 535 (Iowa 1984); *State v. Belieu,* 314 N.W.2d 382, 384 (Iowa 1982). The court, in *Clark,* held a defendant waived the right to trial, and derivatively, the right to speedy trial by pleading guilty. *Clark,* 351 N.W.2d at 534. The defendant's speedy trial rights were deemed reinstated when the guilty plea was withdrawn, and a new ninety-day speedy trial period was created. *Clark,* 351 N.W.2d at 535.

Defendant recognizes this is the rule, but argues that the rule should not apply to her for she did not withdraw her guilty plea as

4. The State concedes that the delay of fifty days from April 29 to June 9 is attributable to the State. The defendant likewise concedes that the

delay from June 9 to July 29 is attributable to her, tolling the ninety-day speedy trial period.

was the case in *Clark*.[5] Here, her guilty plea was not accepted by the court. Thus, she claims she did not derivatively waive her right to a speedy trial. We disagree.

We conclude the consequences of offering a guilty plea that is later determined to be defective because the defendant fails to admit to necessary elements of the offense, are substantially similar to the withdrawal of a guilty plea. Once a defendant indicates the choice to forego trial by entering a guilty plea or advising the State that a plea of guilty is forthcoming, the case is removed from the trial calendar and the State discontinues trial preparations. There is little, if any, need for either the State or the defendant to prepare for trial.

■ We hold the right to speedy trial may be reinstated by the withdrawal of the guilty plea or by the court's determination the guilty plea cannot be accepted. However, a new ninety-day period will then commence from the date of withdrawal or the date the court declined to accept the defendant's plea of guilty on the grounds the defendant failed to admit necessary elements of the charged offense.

■ We find the case was heard within the ninety days attributable to the State after the court determined defendant's guilty plea was defective. Defendant's filing of the motion to dismiss on October 20, tolled the speedy trial period until the court ruled on the motion on November 1. A delay for action on a defendant's motion is considered to constitute good cause for continuing a trial beyond the speedy trial deadline. *State v. Searcy*, 470 N.W.2d 46, 47 (Iowa App.1991).

We conclude defendant was tried within the speedy trial period found in Iowa Rule of Criminal Procedure 27(2). We affirm the district court decision refusing to dismiss her case. We affirm her conviction.

**AFFIRMED.**

---

**5.** Although we do not have the full benefit of what transpired at the guilty plea proceedings, a reasonable interpretation of defense counsel's professional statement as to the advice he gave his client is that the guilty plea was not to be forthcoming. (See footnote 3.)