**STATE of Iowa, Appellant,**

v.

**David HART, Appellee.**

**No. 04–1152.**

Court of Appeals of Iowa.

May 11, 2005.

Thomas J. Miller, Attorney General, Richard Bennett And Mary Tabor, Assistant Attorneys General, Jennifer Miller, County Attorney, and James Scheetz, Assistant County Attorney, for appellant.

Darrell Meyer, Marshalltown, for appellee.

Considered by VOGEL, P.J., and MILLER and HECHT, JJ.

VOGEL, P.J.

The State appeals an order dismissing its indictment of David Hart for possession of cocaine with intent to deliver in violation of Iowa Code sections 124.401(1)(c)(2)(b), 124.413, and 901.10(1) (2003), prohibited acts in violation of Iowa Code sections 124.402(1)(e) and 124.402(2)(a) (2003), and failure to affix a drug stamp in violation of Iowa Code sections 453B.1(1) and 453B.12 (2003). As the State failed to bring Hart to trial within ninety days of its indictment and further failed to prove that this delay was attributable to the defendant, we affirm.

## I. Background Facts and Proceedings.

On March 23, 2004, the State filed its trial information. On April 5, Hart filed a written arraignment and plea of not guilty, specifically demanding his right to speedy trial. The district court filed an order on the written arraignment on April 5, noting Hart's speedy trial demand, setting a deadline for motions of May 18, scheduling a pretrial conference for May 21, and setting trial for June 2.

On May 18, Hart served a motion to sever, an application to disclose a confidential informant, and a motion to suppress on all parties. This motion was filed the next day. On May 21, an order was entered

scheduling a further pretrial conference for June 1. It was also agreed that only part of the motions set for hearing on June 1 would be addressed on that day because the court's ruling on the application to disclose the State's confidential informant would impact the arguments made on the motion to suppress.

At the June 1 hearing, the district court took up only the application to disclose confidential informant and an application for extension of deadlines. Following the arguments on the application to disclose, the parties addressed the application for extension of deadlines whereby the State informed the district court that,

> the State has no objection to these extensions, other than noting we have speedy trial deadlines ... of June 21st, and the next trial date is June 22nd. We obviously can't try this case tomorrow, with the pending motions, and the pending motions that haven't even been addressed.

The district court then responded by stating,

> Okay. Well, I understand you are going to need some additional time to take those depositions and address some of the other issues we have here before us, but I will try and issue a ruling on this motion [to disclose confidential informant] in the next several days.

Further depositions were then scheduled for June 11. On June 10, the district court filed its ruling denying the application to disclose the State's confidential informant. On June 11, the State advised the district court that a hearing needed to be set on Hart's motion to suppress. In response, the district court issued an order stating,

> Both defendants [1] remain in custody, and have demanded speedy trial, which will run on or about June 21, 2004. Separate Jury trials remain scheduled for June 22, 2004 ... the Defendants' Motions to Suppress Evidence will be heard on the 14[sic] day of June, 2004.

On June 14, a hearing on Hart's motion to suppress was held and the district court took the motion under advisement. On June 18, Hart filed a motion to withdraw his motion to suppress. Also on June 18, the district court faxed its ruling on Hart's motion to withdraw to the Marshall County Courthouse.[2] Following the withdrawal, the State, realizing the speedy trial deadline was upon it, made an oral motion to impanel the jury on June 21. The district court denied this motion because, according to the State, "it was already a fully packed motion day with two judges fully scheduled."

On June 22, the ninety-first day, Hart filed his motion to dismiss the charges against him because the State failed to bring him to trial prior to the expiration of the ninety-day speedy trial deadline. A hearing was held on this motion with the State arguing the delay in bringing Hart to trial was attributable to him and further expressing its frustration at being unable to bring Hart to trial by stating:

> The Court has advised the State that it would not bring a jury panel in yesterday because it was a court motion day. It was a full docket for both judges ... The progeny of cases after [*State v. Miller*, 637 N.W.2d 201 (Iowa 2001)] disturbs the State at some point in time.

**1.** This order addressed Hart's case as well as a companion case operating on the same timetable, *State v. Antonio Rodegus Hart*. The State also appealed the dismissal, on speedy trial grounds, of its charges against Antonio Rodegus Hart.

**2.** However this ruling was not filed until June 21.

It puts all the burden on the State to bring the cases to trial in a speedy manner, *but I don't think that properly addresses who has true control over the court docket.* (Emphasis added).

. . . .

The State can argue and request that panels be brought in and that extra judges be assigned to congested dockets, but if the Court Administrator or the Court is not available there is very little for the State to do in trying to effectuate a speedy trial demand, especially when we've had motions pending and they've been promptly ruled upon and they were set for hearing in a prompt manner given the regular and steady court congestion and lack of judges available to hear matters.

In response, the district court stated,

[I]n ... David Hart's case ... all of the deadlines were met with the exception of one and that was bringing of the case within 90 days. Motions were timely filed. Hearings were held granted the motions to suppress were held late in the game, but it was because of the nature of the orderly flow of business of a criminal case....

. . . .

I think the judges in this district and those who come to Marshall County are flexible in scheduling but sometimes we get up against deadlines where there just simply is not enough time left to accommodate everybody. I understand the frustration of the County Attorney's Office. Mr. Scheetz in this case has done everything within his power to get this case tried. I know that he has made requests on at least two occasions ... to at least impanel the jury prior to the expiration of June 21, 2004.

He was not successful in getting juries in here for a variety of reasons.... The State of Iowa did everything within its power to get these cases resolved.

The district court then concluded the delay was not attributable to Hart and that the State failed to demonstrate good cause for the delay. The court dismissed the charges against Hart and the State appeals.

## II. Scope of Review

In deciding indictment and speedy trial questions, our scope of review is for correction of errors at law. *See State v. Miller,* 637 N.W.2d 201, 204 (Iowa 2001) (citing *State v. Finn,* 469 N.W.2d 692, 693 (Iowa 1991)). Because our review is at law, we are bound by findings of fact supported by substantial evidence. *Finn,* 469 N.W.2d at 693. Therefore, the appellant is entitled to prevail only if its evidence was so strong the trial court was compelled to rule for it as a matter of law. *Id.*

## III. Issue

Iowa Rule of Criminal Procedure 2.33(2)(*b* ) provides:

If a defendant indicted for a public offense has not waived the defendants right to a speedy trial the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be found.

Pursuant to this rule, a criminal charge must be dismissed if trial does not commence within ninety days from the filing of the charging instrument "unless the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3) 'good cause' for the delay." *State v. Winters,* 690 N.W.2d 903, 908 (Iowa 2005) (citations omitted). In this case Hart did not waive his right to speedy trial. Thus, the district court was re-

quired to dismiss the charges against Hart unless the State proved either that the delay in bringing Hart to trial was attributable to Hart or that there was otherwise "good cause" for the delay. *Miller*, 637 N.W.2d at 204. On appeal, the sole issue presented by the State for our review was whether the district court erred in not finding that Hart's filing of motions caused a delay that should be attributed to him.

 "Delay attributable to the defendant" may include whatever passage of time is "reasonably necessary" to act upon a defendant's motion. *Miller*, 637 N.W.2d at 204. However, "that is not to say a defendant who files a timely motion thereby forfeits the right to be tried without lengthy and unexplained delay." *State v. Nelson*, 600 N.W.2d 598, 602 (Iowa 1999). "[T]he general press of court business is insufficient to avoid dismissal under [our] speedy trial rule, even for the busy judge sitting in a high volume court." *Miller*, 637 N.W.2d at 205 (quoting *Nelson*, 600 N.W.2d at 602).

In *State v. Miller*, the "trial slipped only one day past the deadline before the court was faced with a motion to dismiss." *Miller*, 637 N.W.2d at 205. In denying the motion, the district court concluded that "a number of days" must be attributed to the defendant based on the time necessary for ruling on the motion to dismiss. *Id.* Our supreme court reversed this decision. *Id.* at 206. In so doing the supreme court determined the district court erred in attributing any delay to the defendant, noting that all the defense motions had been timely filed and heard with reasonable promptness and that the final ruling on these motions was made a week prior to

the expiration of the speedy trial deadline. *Id.* at 206 (finding it significant that the district court's ruling came down with a week to spare). Moreover, the supreme court took issue with the district court's deference to the established trial schedule for Marshall County stating that such deference disregards the important distinction between "chronic court congestion," which does not justify extending the ninety day speedy trial deadline, and "circumstances arising out of unique, non-recurring events which create a particular scheduling problem," which does. *Id.*

Turning now to the facts in David Hart's appeal, the record reveals that Hart's situation, like that in *Miller*, was not one where defense motions were filed on the eve of the speedy trial deadline. *Cf. State v. Searcy*, 470 N.W.2d 46, 47 (Iowa Ct.App. 1991) (filing of motion to suppress occurred just three days prior to trial); *State v. Todd*, 468 N.W.2d 462, 470 (Iowa 1991) (filing occurred one week before trial). All of Hart's motions were timely filed and were heard and ruled upon with reasonable promptness. However, unlike the facts in *Miller* and the companion case, David Hart's motion to suppress was not resolved nearly a week prior to trial, but was instead resolved the Friday before the Monday on which the deadline expired. Nonetheless, it is clear that the scheduling problems referred to by the district court, the deference to which caused the trial to be set a day after the expiration of the speedy trial deadline, were not "unique, non-recurring events" but were instead "chronic court congestion."[3] Accordingly,

---

**3.** The record is replete with references to scheduling problems caused by "a full calendar" or a "full court motion day." Moreover, as referenced above, the State believes its oral motion to impanel a jury on June 21 was denied because "it was already a fully packed motion day with two judges fully scheduled." Moreover, the district court specifically found that the delays were caused by "the nature of the orderly flow of business of a criminal case...."

we conclude the record before us establishes that the reason for the delay was the district court's deference to its regular court business; there is no reason attributable to the defendant for a delay beyond the ninety-day deadline. The district court was correct to dismiss the trial information for violation of the speedy trial requirement of Iowa Rule of Criminal Procedure 2.33(2)(*b* ).

**AFFIRMED.**