# IN THE COURT OF APPEALS OF IOWA

No. 16-1618
Filed July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CONNER DANIEL CARNEY,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Boone County, Paul G. Crawford, District Associate Judge.

Daniel Carney appeals the judgment entered following his conviction of operating while intoxicated, third offense. **AFFIRMED.**

Andrew J. Boettger of Hastings, Gartin & Boettger, LLP, Ames, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Daniel Carney appeals the judgment entered following his conviction for operating while intoxicated (OWI), third offense. He challenges the time in which the State filed the indictment and the manner in which a law enforcement officer obtained his blood for chemical testing. We affirm.

### I. Background Facts and Proceedings.

On December 28, 2015, a car crashed into the back of a semi-trailer at a marked four-way intersection on Highway 30. Boone Police Officer Daniel Lynch found Carney unconscious in the driver's seat of the car. After Carney was transported to the hospital for medical treatment and evaluation, Officer Lynch observed Carney to have blood-shot eyes, slurred speech, and an odor consistent with an alcoholic beverage. The officer also observed Carney repeatedly asking the medical staff questions they had already answered. Officer Lynch suspected Carney was impaired, but because Carney was lying on his back strapped to a hospital bed and undergoing medical treatment, Officer Lynch was unable to perform standardized field sobriety tests. The officer asked Carney if he had consumed any form of alcohol, controlled substance, or medication. Carney responded, "No comment." The officer left the room and talked with one of the treating doctors who confirmed that she smelled of an odor of alcoholic beverage coming from Carney.

Officer Lynch returned to Carney's hospital room and asked Carney if he had "had anything to drink at all?" Carney responded, "No." The officer asked if Carney would take a preliminary breath test. Carney said "No." He refused to provide a breath sample for chemical testing explaining, "There is no way for me

to do it." The officer then requested a blood sample for chemical testing, and Carney said, "Sure." The officer again asked if Carney had anything to drink that evening, and Carney said he had beer earlier. When asked "How much," Carney responded, "Not too much," and said he did not drink beer while he was driving. Officer Lynch then read the implied consent advisory to Carney. He also read Carney his *Miranda* rights. Carney signed the consent form. When it came time to draw the blood, Carney refused. Officer Lynch again explained the implied consent law. Carney then said, "Oh, draw the damn blood." After additional conversation concerning the implied consent law, Carney consented to the blood draw. Testing revealed a blood alcohol content of .183. The blood also tested positive for the presence of THC.

The State charged Carney with third-offense OWI on March 2, 2016. An amended trial information was filed on March 14, 2016, to reflect the presence of a controlled substance in Carney's blood. On the same day, Carney was arraigned and pleaded not guilty.

Carney filed a motion to dismiss, arguing the State violated his right to a speedy indictment. He also filed a motion to suppress the results of his blood test, arguing Officer Lynch obtained the sample in violation of Iowa Code sections 321J.6(2) and 321J.9 (2015). The trial court denied both motions, Carney then waived his right to a jury trial and agreed to trial on the minutes of evidence. The court found him guilty of third-offense OWI.

**II. Motion to Dismiss.**

Carney appeals, first arguing the trial court erred in denying his motion to dismiss on speedy-indictment grounds. *See* Iowa R. Crim. P. 2.33(2) (requiring

the court to dismiss criminal charges brought against a defendant more than forty-five days after arrest). Carney claims he was arrested on December 28, 2015, but was not indicted until March 2, 2016—sixty-five days later. We review his claim for correction of errors at law. *See State v. Hart*, 703 N.W.2d 768, 771 (Iowa 2005).

Carney's claim is based on the holding of *State v. Wing*, 791 N.W.2d 243, 247-49 (Iowa 2010), in which our supreme court held the clock begins to tick on a speedy-indictment claim when a reasonable person in the defendant's position would have believed an arrest occurred—regardless of whether the defendant is arrested under the conditions required by statute. After Carney filed this appeal and the parties' briefs were submitted, our supreme court overruled *Wing*. *See State v. Williams*, 895 N.W.2d 856, ___, 2017 WL 2291375, at *8 (Iowa 2017). The court held:

> Arrest for the purposes of the speedy indictment rule requires the person to be taken into custody in the manner authorized by law. The manner of arrest includes taking the arrested person to a magistrate. The rule is triggered from the time a person is taken into custody, but only when the arrest is completed by taking the person before a magistrate for an initial appearance.

*Id.* Carney was not taken into custody in a manner authorized by law until February 8, 2016. Because the trial information was filed within forty-five days of this date, Carney's right to a speedy indictment pursuant to rule 2.33(2) was not violated. The trial court properly denied Carney's motion to dismiss on speedy-indictment grounds.

**III. Motion to Suppress.**

Carney also argues the trial court erred in denying his motion to suppress the results of his blood test. He claims: (1) Officer Lynch violated Iowa Code chapter 321J by obtaining his blood sample after he refused to submit to a breath test and (2) his consent to the blood test was not voluntary. We review his claims for correction of errors at law. *See State v. Lukins*, 846 N.W.2d 902, 906 (Iowa 2014) ("We review for correction of errors at law a district court's ruling on a motion to suppress based on the interpretation of a statute.").

**A. Statutory requirements for chemical testing.**

Iowa Code chapter 321J sets forth both criminal and civil OWI proceedings. *See State v. Taeger*, 781 N.W.2d 560, 564 (Iowa 2010). Section 321J.6, our implied consent statute, provides that drivers under suspicion of OWI who refuse to submit to chemical testing are subject to the civil penalty of license revocation. *See* Iowa Code §§ 321J.6(2), .9. Section 321J.6(2) states that if a law enforcement officer asks a driver to submit to breath or urine testing, any refusal to submit is deemed a refusal for the purposes of a license revocation proceeding; but if an officer asks a driver to submit to blood testing and the driver refuses, the officer must then offer breath or urine testing.[1] *See id.* § 321J.6(2). Section 321J.9(1) further states, "If a person refuses to submit to the chemical testing, a test shall not be given . . . ." In interpreting these statutory provisions in the context of a license revocation proceeding, our supreme court has

---

[1] A blood sample is treated differently "primarily [as] an accommodation to those motorists whose religious beliefs or physical condition make the blood test unsuitable." *Rodriguez v. Fulton*, 190 N.W.2d 417, 419 (Iowa 1971).

determined that "an initial refusal to consent to chemical testing is binding." *Welch v. Iowa Dep't of Transp.*, 801 N.W.2d 590, 599 (Iowa 2011).

Relying on the foregoing statutes and law, Carney alleges that once a motorist refuses to submit to chemical testing of any kind, an officer is estopped from again requesting chemical testing of any kind. He argues that by requesting a blood test after he refused a breath test, Officer Lynch violated sections 321J.6(2) and .9, and the results of the blood test should have been suppressed on that basis.

In previous cases, this court has addressed similar claims and declined to hold chapter 321J prevents an officer from requesting a driver provide another sample after an initial refusal. *See State v. Brown*, No. 13-0995, 2014 WL 1999113, at *1-2 (Iowa Ct. App. May 14, 2014) (noting "the one-refusal mandate articulated in *Welch* does not necessarily apply to the admission of the test into evidence in a criminal case"); *State v. Morris*, No. 13-0080, 2014 WL 467652, at *5 (Iowa Ct. App. Feb. 5, 2014) (distinguishing "placing a burden on all law enforcement officers to stand by if an arrested motorist should change their mind and a single officer who chose to do so"). We have held that, although a law enforcement officer is not required to honor a driver's change of mind after an initial refusal to submit to chemical testing, nothing in chapter 321J prevents an officer from doing so. *See Morris*, 2014 WL 467652, at *5. Likewise, nothing in chapter 321J prevents an officer who is investigating a criminal violation of the chapter from requesting a different chemical test after a motorist initially refuses.

**B. Voluntary consent.**

Carney also argues the court erred in denying his motion to suppress because his consent to the blood test was not voluntary. Consent to chemical testing must be given freely, without coercion, and be reasoned and informed. *See State v. Overbay*, 810 N.W.2d 871, 876 (Iowa 2012). In determining whether consent was voluntary, we ask "whether the decision to comply with a valid request under the implied-consent law is a reasoned and informed decision." *Id.* (citation omitted).

As stated above, section 321J.6(2) states that if a driver is offered and refuses a blood test, it is not deemed a refusal to submit; rather, the officer must then offer a breath or urine test. Carney asserts his consent to the blood test was not voluntary because Officer Lynch inaccurately represented the consequences of failing to submit to the blood test by informing Carney that refusal would result in license revocation. Our supreme court has rejected the claim that a defendant's consent to blood testing is not voluntary when the defendant erroneously believes failure to give consent to the blood test will result in license revocation. *See Overbay*, 810 N.W.2d at 878-79; *State v. Bernhard*, 657 N.W.2d 469, 472-73 (Iowa 2003). Although Carney attempts to distinguish the facts of his case from those holdings by noting that Officer Lynch's request for a blood test was his second request for chemical testing, his argument is unavailing.

The trial court did not err in denying Carney's motion to suppress. Accordingly, we affirm his conviction for OWI, third offense.

**AFFIRMED.**