# IN THE COURT OF APPEALS OF IOWA

No. 16-1455
Filed August 16, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LAMONT PRINCE SR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, George L.

Stigler, Judge.


        Lamont Prince Sr. appeals his convictions for sexual abuse and incest.

**AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.


        Considered by Vogel, P.J., Mullins, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MULLINS, Judge.**

Lamont Prince Sr. was charged with four counts of sexual abuse in the third degree and four counts of incest stemming from sexual contact with his daughter, A.P. Prince waived his right to a jury trial. After a bench trial, the district court returned written guilty verdicts on all eight counts. Prince appeals.

A.P. moved in with Prince and his wife when she was eleven years old. Roughly a year later, Prince began engaging A.P. in sexual contact. A.P. gave specific details about several instances of sexual contact with Prince and testified Prince engaged her in intercourse between forty to fifty times. Eventually A.P. confided in her peers and her tutor. Several of A.P.'s peers and her tutor testified A.P. told them she had inappropriate contact with Prince. A State criminalist testified she found a mixture of bodily fluids on a sheet that included DNA profiles consistent with Prince and A.P. Prince testified A.P. made it all up and was trying to break up Prince and his wife. At closing, the prosecution stated A.P. would not make up such specific details if it did not occur and posed a rhetorical question asking why A.P. would make up such allegations if they were not true.

The district court filed a written verdict, supported by findings of fact and conclusions of law. At sentencing, the court noted the charges against Prince and that the verdict was guilty on each charge. When questioned if this was a sufficient reading of the verdict, the court declined to provide any more detail. The court then sentenced Prince to serve not more than twenty years of incarceration.[1]

---

[1] The court sentenced Prince to ten years on counts one and two to run concurrently with one another and concurrently with five-year concurrent sentences for counts five

On appeal, Prince makes several arguments through counsel. First, Prince argues he received ineffective assistance of counsel when his trial counsel failed to object to the prosecution's statement during closing argument that A.P. would not make up specific details if they did not happen. Second, the district court failed to read the verdict in open court. And third, the district court failed to provide a justification for imposing consecutive sentences. Prince also raises claims in his pro se brief. He questions the sufficiency of the evidence and argues he received ineffective assistance of trial counsel for counsel's failure to present certain evidence at trial.

We first address his claim of ineffective assistance of counsel when counsel failed to object to the prosecution's statement A.P. would not make up specific details if they did not happen. We may resolve an ineffective-assistance-of-counsel claim on direct appeal when the record is sufficient to do so. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). We review ineffective-assistance-of-counsel claims de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). To establish his claim of ineffective assistance of counsel, Prince "must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *Maxwell*, 743 N.W.2d at 195 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Prince asserts the prosecution was vouching for A.P.'s credibility. Although the prosecutor may not express his personal belief regarding the

---

and six. Prince was also sentenced to ten years on counts three and four to run concurrently to each other and concurrently with five-year concurrent sentences for counts seven and eight. The ten-year sentences for counts one and two were ordered to be served consecutively to the ten-year sentences for counts three and four.

credibility of a specific witness, he "may argue the reasonable inferences and conclusions to be drawn from the evidence." *See State v. Graves*, 668 N.W.2d 860, 874 (Iowa 2003) (citing *State v. Phillips*, 226 N.W.2d 16, 19 (Iowa 1975)). Here, the prosecution restated A.P.'s testimony about her little brother waking up in view of A.P. and Prince as they had intercourse. The prosecution noted the level of detail A.P. was able to recount, and then stated "[A.P.] wouldn't be making up such details to the court if it didn't happen. Who would make up such a story, talking about when she was [twelve], if this really didn't happen, she didn't really experience this?"

Even if the prosecution's statement was improper vouching—which we need not decide—it did not mislead the court, serving as the fact finder, to convict Prince "for reasons other than the evidence introduced at trial and the law." *Id.* at 877. Because this case proceeded as a bench trial, Prince benefitted from having a trained legal expert serve as his fact finder. "[L]egal training assists the fact finder in a bench trial 'to remain unaffected by matters that should not influence the determination.'" *State v. Bonilla*, No. 05-0596, 2006 WL 3313783, at *4 (Iowa Ct. App. Nov. 16, 2006) (quoting *State v. Matheson*, 684 N.W.2d 243, 244 (Iowa 2004)). We have carefully reviewed the written findings and conclusions of the district court and find nothing that indicates any reliance by the court on the prosecution's statement. Prince cannot show he was prejudiced by the prosecution's closing argument.

Prince next claims the verdict was deficient because the court did not reconvene to read the verdict in open court, as required by Iowa Rule of Criminal Procedure 2.17(2). "We review interpretations of the Iowa Rules of Criminal

Procedure for corrections of errors at law." *State v. Jones*, 817 N.W.2d 11, 17 (Iowa 2012) (citing *State v. Finn*, 469 N.W.2d 692, 693 (Iowa 1991)). Rule 2.17(2) states, "In a case tried without a jury the court shall find the facts specially and on the record, separately stating its conclusions of law and rendering an appropriate verdict."

In the present case, the district court wrote and filed lengthy written findings of fact, conclusions of law, and verdicts on each count, but it did not reconvene in open court to read the ruling and verdicts. However, this infirmity may be corrected when the court reads the verdict at sentencing. *See id.* at 20–21. "The reading of the verdict in open court would not change the evidence produced at trial or the verdict rendered by the court." *Id.* at 21. While this is not best practice and does not strictly comply with rule 2.17(2), informing Prince of the verdicts on the record prior to sentencing was sufficient to remedy the error in this case.

Prince also challenges the reasoning for imposing consecutive sentences. We review sentencing decisions for an abuse of discretion. *See State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). Rule 2.23(3)(d) requires the court to "state on the record its reason for selecting a particular sentence." This includes "explicitly stat[ing] the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016).

The district court reasoned:

> The essence of it is that you now have a global sentence of ten plus ten with the others being subsumed within that for a sentence in essence of not more than twenty years. I don't think

that forty years is proper in your case, nor do I think it's proper to go with the lesser amount than I have indicated to you.

You did commit a violation of trust and you did harm your daughter in the fashion that has been outlined. I won't go further than to indicate that—I think that it is necessary to take the action that I have taken here.

The court gave specific reasons for the sentence it imposed, including the type of harm caused and Prince's violation of his daughter's trust. The court wrapped the rationales together, clearly using the same reasoning for imposing incarceration as it did for imposing consecutive sentences. While this reasoning is succinct, it is sufficient for our review to determine whether the court exercised its discretion. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010) (concluding a terse and succinct justification of sentencing is sufficient).

We next address Prince's pro se argument questioning the sufficiency of the evidence. Challenges to the sufficiency of the evidence are reviewed for legal error. *See State v. Webb*, 648 N.W.2d 72, 75 (Iowa 2002). Evidence is sufficient when the quantum and quality of the evidence may "convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *Id.* at 76 (citing *State v. Heard*, 636 N.W.2d 227, 229 (Iowa 2001)). The evidence is reviewed in the "light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the evidence in the record." *State v. Leckington*, 713 N.W.2d 208, 213 (Iowa 2006) (citing *State v. Casady*, 597, N.W.2d 801, 804 (Iowa 1999)).

Prince and A.P. both presented opposing stories. To accept one as true necessarily required the court to conclude the other was untrue. A.P.'s retelling included specific details. There is some forensic evidence consistent with A.P.'s

claim she had intercourse with Prince, though as properly determined by the district court, it was insufficient upon which to base a guilty verdict. A.P.'s peers and tutor testified about what A.P. told them several years ago, negating Prince's claim A.P. recently fabricated her story. A.P. explained her delayed reporting was due to her fear of being removed to a group home or shelter and her desire to keep the family unit intact. There is sufficient evidence supporting his convictions.

Finally, Prince argues pro se that he received ineffective assistance of counsel when his counsel did not attempt to use certain evidence to aid in his defense. He asserts unnamed witnesses should have been subpoenaed, paperwork from a doctor's visit should have been submitted, and a jailhouse recording should have been admitted into evidence. Generally, ineffective-assistance-of-counsel claims are reserved for postconviction-relief proceedings. *See Maxwell*, 743 N.W.2d at 195. We will only address ineffective-assistance-of-counsel claims on direct appeal when there is a sufficient record. *Id.* Prince's pro se ineffective-assistance-of-counsel claims are not sufficiently developed for resolution on direct appeal, and we preserve them for possible postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

**AFFIRMED.**