# IN THE COURT OF APPEALS OF IOWA

No. 18-1874
Filed April 1, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**LC DEWAYNE JOHNSON JR.,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

LC Dewayne Johnson Jr. appeals from his conviction for possession of a controlled substance, third offense, claiming his right to a speedy trial was violated. **AFFIRMED.**

Christopher Kragnes, Sr., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

LC Dewayne Johnson Jr. appeals his conviction for possession of a controlled substance, third offense, claiming his right to a trial within ninety days of the trial information was violated.  We find Johnson's right to a speedy trial was not violated.  We affirm the decision of the district court.

The State charged Johnson with possession of a controlled substance, third offense, by trial information filed on May 6, 2018.[1]  Ninety-two days later, on August 6, Johnson moved to dismiss his case asserting the State violated Iowa Rule of Criminal Procedure 2.33(2)(b) in failing to bring him to trial within ninety days of the trial information.  A hearing was held the next day.  Finding no violation of the rule, the district court denied Johnson's motion to dismiss.  After a recess in the proceedings, Johnson waived a jury trial and consented to a trial on the minutes. The court adjudged Johnson guilty as charged and sentenced him to prison. Johnson appeals.

Rule 2.33(2)(b) provides that, unless waived, "the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown."  The rule applies to charges brought by trial information as the term "indictment" embraces the trial information and the term "found" means approved by the court and filed. *See State v. Utter*, 803 N.W.2d 647, 653 (Iowa 2011), *overruled on other grounds by Schmidt v. State*, 909 N.W.2d 778, 790 (Iowa 2018).  The ninety-day rule is among the rule provisions dictating the timing of certain events in the progress of

---

[1] All dates are 2018.

a criminal case. Due process under the Iowa and United States Constitutions requires speedy progress of criminal cases, but neither document sets forth a specific time frame for satisfaction of due process. *See* U.S. Const. amend. VI; Iowa Const. art. 1, § 10. Rule 2.33(2)(b) is, by its terms, a rule of "public policy" intending to assure the timely disposition of criminal cases. Under rule 2.33(2)(b), if a defendant's trial does not start within ninety days after the filing of the charging instrument, the charge must be dismissed unless the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3) good cause for the delay. *State v. Taylor*, 881 N.W.2d 72, 76 (Iowa 2016); *State v. Campbell,* 714 N.W.2d 622, 627-28 (Iowa 2006). "Delay attributable to the defendant may constitute good cause preventing the State from carrying out its obligation to bring the defendant to trial in a timely manner." *State v. Elder*, 868 N.W.2d 448, 453 (Iowa Ct. App. 2015). A defendant "may not actively, or passively, participate in the events which delay his[/her] trial and then later take advantage of that delay to terminate the prosecution." *State v. Finn*, 469 N.W.2d 692, 694 (Iowa 1991).

Motions to dismiss based on a claimed violation of speedy trial rights are reviewed for an abuse of discretion. *State v. Winters*, 690 N.W.2d 903, 907 (Iowa 2005). When reviewing the grounds for a delay of speedy trial, the discretion the district court is allowed narrows to the determination of good cause under rule 2.33(2)(b). *Id.* However, regarding the procedural application of rules of speedy trial, our review is for correction of errors at law. *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001).

Johnson asserts that because his case was tried ninety-three days after the filing of the trial information, his speedy trial rights were violated, thus warranting

dismissal.[2]   But here, the record shows delay attributable to Johnson and good cause.   On May 21, a pretrial conference was set for July 6 and trial was set for July 10.   Johnson's trial counsel was allowed to withdraw, and his new trial counsel appeared on June 27.   A pretrial conference order was entered on July 11 stating: "This matter is set for further proceedings and/or for sentencing at the request of the defendant.   Plea Hearing is scheduled on 07/19/2018."   Then on July 24, the court entered an order setting a pretrial conference for August 3 and a jury trial for August 7.   The August 3 pretrial conference order states: "This matter shall remain set for trial.   If an agreement is reached disposing of the case prior to trial, counsel shall advise the presiding criminal judge . . . ."

A hearing on Johnson's motion to dismiss was held on August 7.   In denying Johnson's motion to dismiss, the district court noted:

> Counsel, in reviewing this case and the motion yesterday, the facts are clear that Mr. Johnson did set this matter for a plea.   I believe it was off the trial docket and on the plea docket for approximately two weeks, and then at the time of his plea it was returned back to the trial docket.

---

[2] Johnson asserted to the district court that the August 7th trial date was "3 days past [his] speedy Trial Demand and rights."   The trial information was filed on May 6.   The ninetieth day fell on Saturday, August 4th.   The Iowa legislature has declared the proper method of computing deadlines:

> In computing time, the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday.   However, when by the provisions of a statute or rule prescribed under authority of a statute, the last day for the commencement of an action or proceedings . . . falls on a Saturday . . . , the time shall be extended to include the next day which the office of the clerk of court . . . is open . . . .

Iowa Code § 4.1(34) (2018).   We interpret this to mean that when a rule 2.33 deadline falls on a Saturday, the deadline is extended to the next day the court is open for business.   So, the deadline to start Johnson's trial proceedings would have been Monday, August 6.   Therefore, the August 7 trial was held one day late, not three.

Then, relying on *State v. Warmuth*, 532 N.W.2d 163 (Iowa Ct. App. 1995), the district court concluded the ninety-day period began anew when Johnson changed his mind and decided to proceed to trial and not plead guilty. Further, the court noted even if *Warmuth* did not restart the clock, the speedy trial deadline would have run on August 4, and since that was a Saturday, under section 4.1(34) the deadline was extended to Monday the 6th. The court concluded good cause, i.e. plea negotiations, existed for a one-day delay to August 7. We agree with the district court's analysis.

In *Warmuth*, the defendant advised she intended to enter a guilty plea. 532 N.W.2d at 164. The case was moved from the trial calendar, and a date set for the guilty plea hearing. *Id.* Warmuth's plea was not accepted at the plea hearing because she would not admit to all the elements of the crime. *Id.* The case was reset for trial. *Id.* Later, Warmuth moved to dismiss claiming the ninety-day speedy trial period had elapsed before the rescheduled trial date. *Id.* at 165. The district court denied the motion finding "the speedy trial rule, measured from July 29, had not been violated because ninety days had not elapsed at the time [Warmuth] filed her October 20 motion to dismiss." *Id.* On appeal, Warmuth recognized the rule "that if a defendant enters a guilty plea, and subsequently withdraws the guilty plea, the State must try the case within ninety days after withdrawal of the guilty plea." *Id.*; *accord State v. Clark*, 351 N.W.2d 532, 535 (Iowa 1984); *State v. Belieu*, 314 N.W.2d 382, 384 (Iowa 1982). But she argued "that rule should not apply to her for she did not withdraw her guilty plea as was the case in *Clark*." *Warmuth*, 532 N.W.2d at 165-66. Because her guilty plea was not accepted by the court,

Warmuth contended "she did not derivatively waive her right to a speedy trial." *Id.* at 166. This court disagreed, concluding the consequences under the facts were substantially similar to the withdrawal of a guilty plea. *Id.*

> Once a defendant indicates the choice to forego trial by entering a guilty plea or advising the State that a plea of guilty is forthcoming, the case is removed from the trial calendar and the State discontinues trial preparations. There is little, if any, need for either the State or the defendant to prepare for trial.

*Id.* This court held:

> [T]he right to speedy trial may be reinstated by the withdrawal of the guilty plea or by the court's determination the guilty plea cannot be accepted. However, a new ninety-day period will then commence from the date of withdrawal or the date the court declined to accept the defendant's plea of guilty on the grounds the defendant failed to admit necessary elements of the charged offense.

*Id.*

The case at hand is very similar to another case we previously decided. In *Holmes*, the defendant did not waive his right to speedy trial and the case was set for trial. *State v. Holmes*, No. 06-0708, 2007 WL 913849, at *1 (Iowa Ct. App. Mar. 28, 2007). At the final pretrial conference, Holmes asked that the matter be set for further proceedings because he planned to plead guilty. *Id.* The case was set for plea proceedings and later (apparently after plea negotiations broke down) Holmes asked for the case to be set for trial. *Id.* His motion to dismiss based on speedy trial grounds was denied and on appeal he contended his trial counsel were ineffective. *Id.* at *1-2. Following *Clark*, *Belieu*, and *Warmuth*, this court found that when Holmes asked for the case to be set for trial, thus withdrawing his previous commitment to enter a guilty plea, a new ninety-day period began to run at that time. *Id.* at *2. We concluded Holmes's right to a speedy trial was not violated.

*Id.* at *3. Similarly, we find that when Johnson's case was reset for trial by the July 24 order, after the plea negotiation obviously broke down, the ninety-day clock began to run at that time. The August 7 trial was held well within the new ninety-day period and we conclude there was no speedy-trial violation.

In any event, even if the original ninety-day clock was not restarted, the State met its burden to show good cause for a one-day delay.

Good cause focuses on only one factor: the reason for the delay. Yet because any delay cannot be evaluated entirely in a vacuum, we also consider surrounding circumstances such as the length of the delay, whether the defendant asserted his right to a speedy trial, and whether prejudice resulted from the delay. *State v. McNeal*, 897 N.W.2d 697, 704 (Iowa 2017) (cleaned up). "[M]ost, if not all, cases justifying reversal based on speedy-trial violations involve delays numbering weeks or months, not days." *State v. Miller*, 637 N.W.2d 201, 205 (Iowa 2001). As the district court observed,

> [I]n reviewing this case and the motion yesterday, the facts are clear that Mr. Johnson did set this matter for a plea. I believe it was off the trial docket and on the plea docket for approximately two weeks, and then at the time of his plea it was returned back to the trial docket.

Plea negotiations can constitute good cause for a trial delay past the speedy-trial deadline. *Taylor*, 881 N.W.2d at 79 (citing *State v. LaMar*, 224 N.W.2d 252, 254 (Iowa 1974)). After all, there is necessarily a suspension of trial preparations when the parties believe the case will be resolved on a guilty plea. And Johnson does not claim any resulting prejudice. In reviewing the circumstances, we conclude the district court did not abuse its discretion in finding good cause for the delay.

We conclude there was no speedy-trial violation under rule 2.33(2(b).  We affirm the district court's ruling denying Johnson's motion to dismiss, and we affirm Johnson's judgment and sentence.

**AFFIRMED.**