# IN THE COURT OF APPEALS OF IOWA

_____

No. 24-1280
Filed January 7, 2026

_____

**Evan Casey Moran,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

_____

Appeal from the Iowa District Court for Dubuque County,
The Honorable Monica Zrinyi Ackley, Judge.

_____

**AFFIRMED**

_____

Jason Patrick Hallberg of Hallberg Law Firm, P.C., Buffalo Center, attorney
for appellant.

Brenna Bird, Attorney General, and Linda J. Hines (until withdrawal) and
Adam Kenworthy, Assistant Attorneys General, attorneys for appellee.

_____

Considered without oral argument
by Schumacher, P.J., and Badding and Langholz, JJ.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

In January 2020, Evan Moran was charged by trial information with a controlled-substance violation after tossing a bag containing methamphetamine out of his SUV while being trailed by law enforcement. *See* Iowa Code § 124.401(1)(b)(7) (2020). "And then, COVID." *State v. Brimmer*, 983 N.W.2d 247, 253 (Iowa 2022). In response to the global pandemic, our supreme court sought to quell the spread of the novel virus during judicial proceedings. *Id.* Relevant here, the supreme court postponed all jury trials and extended the speedy-trial deadline for defendants charged before September 14, 2020, setting "September 14, 2020 as Day 1." Iowa Sup. Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* 5 (May 22, 2020). And as jury trials remained suspended into the fall, the court similarly extended the speedy-trial deadline in November, setting "February 1, 2021 as Day 1." Iowa Sup. Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* 2 (Nov. 10, 2020).

Moran waived his speedy-trial right on September 29, 2020, and then again on July 23, 2021. About six weeks later, he filed a handwritten demand for a speedy trial and asked for a new attorney. The court obliged, setting a new trial deadline of November 28. A few weeks after that, he reached a plea agreement with the State. As a result, the district court "remove[d] the matter from the trial docket" and scheduled a plea hearing. Yet in December, it appeared the plea agreement had fallen through, so the court reset the trial to begin on January 18, 2022.

Five days before trial, Moran again agreed to plead guilty. After an unreported hearing, the district court found Moran "voluntarily and intelligently entered" his plea to the controlled-substance offense and

sentenced him to prison for an indeterminate term not to exceed twenty-five years. He did not appeal his conviction or sentence.

Instead, Moran quickly applied for postconviction relief, arguing his conviction violated his constitutional right to a speedy trial. The State moved for summary disposition, which the district court granted, finding both that Moran's speedy-trial right was not violated and that he waived any challenges by pleading guilty.

Moran now appeals. Because his application alleges a constitutional deprivation, we review his claim de novo. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018).

Summary disposition of a postconviction relief application is appropriate "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Iowa Code § 822.6(3) (2024). When reviewing these dispositions, we are guided by our familiar summary-judgment standards, examining "the entire record in the light most favorable to the nonmoving party" and granting Moran the benefit of all legitimate inferences. *Linn v. State*, 929 N.W.2d 717, 730 (Iowa 2019) (cleaned up).

Our constitution guaranteed Moran the "right to a speedy and public trial." Iowa Const. art. I, § 10. And that right is implemented by Iowa Rule of Criminal Procedure 2.33(2)(b), which generally requires trial within ninety days of the filing of a trial information. Moran argues that his speedy-trial right was violated because the ninety days ran on November 28, 2021. And he contends that he was unaware of this alleged speedy-trial violation when

3

he pleaded guilty and thus did not knowingly waive his speedy-trial right with his guilty plea.[1]

But Moran was never deprived of a speedy trial. He expressly waived his speedy-trial right both in September 2020 and again July 2021. After he revoked that waiver, the court timely reset his trial for November 2021. *See State v. Hamilton*, 309 N.W.2d 471, 475–76 (Iowa 1981) (holding ninety-day deadline to try defendant starts anew after defendant withdraws waiver of speedy-trial right). He chose to forgo that trial by entering into a plea agreement with the State. *See State v. Warmuth*, 532 N.W.2d 163, 166 (Iowa Ct. App. 1995) (discussing restarting the speedy-trial window after a case is initially "removed from the trial calendar" when "a defendant indicates the choice to forego trial by entering a guilty plea or advising the State that a plea of guilty is forthcoming"). While he insists he never asked for a plea *hearing* to be scheduled, he does not dispute that he intended to plead guilty then. And when those plea negotiations broke down in December, the court again promptly scheduled trial for January 2022. *See State v. Clark*, 351 N.W.2d 532, 535 (Iowa 1984) (holding ninety-day deadline to try defendant starts anew after defendant withdraws guilty plea).

The undisputed factual record thus shows Moran's speedy-trial right was not violated. And so, the rest of Moran's derivative arguments also fail. The district court did not error in summarily dismissing his application.

**AFFIRMED.**

---

[1] On appeal, Moran seems to also claim his counsel was ineffective in failing to inform him of the alleged speedy-trial violation. Yet he did not assert such a claim in his application, the district court did not rule on it, and Moran never moved to expand the ruling to adjudicate an ineffective-assistance claim. So this issue is not before us. *See Lamasters v. State*, 821 N.W.2d 856, 862–64 (Iowa 2012).